**ORDERED ACCORDINGLY.**



Mark J. Giunta (#015079)
Law Office of Mark J. Giunta
1413 N. 3rd St.
Phoenix, AZ 85004-1612
Phone (602) 307-0837
Fax (602) 307-0838
Email mark.giunta@azbar.org

Attorney for Debtor

**Dated: February 20, 2011**

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| MISSOURI REALTY, L.L.C., | Case No. 2:09-bk-27743-GBN |
| Debtor. | **ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION DATED MARCH 15, 2010 OF MISSOURI REALTY, L.L.C. UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE** |

Missouri Realty, L.L.C., the Debtor and debtor-in-possession in the above captioned Chapter 11 proceeding ("Debtor") , having filed its First Amended Plan of Reorganization Dated March 15, 2010 ("Plan") (a copy of the Plan is attached hereto at Exhibit 1) under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), and the Debtor's Disclosure Statement In Support Of First Amended Plan Of Reorganization Dated March 15, 2010 (the "Amended Disclosure Statement"), having been approved by Order of this Court dated April 22, 2010 (the "Amended Disclosure Statement Order"), as containing adequate information as such term is defined under § 1125 of the Bankruptcy Code; and it having been determined after hearing with notice that:

1.      At least one impaired class of claims has accepted the Plan, to determine without including any acceptance of the Plan by any insider holding a claim of such class;

2.      As set forth in the initial Ballot Report filed with the Court, at least 2 secured classes, Classes 3(U) and 3(DD) voted to accept the Plan.

3.      Class 4, the deficiency unsecured class, voted to reject the Plan and four votes were received under Class 4 rejecting the Plan;

4.      Class 5, the general unsecured class, received 2 votes accepting the Plan and no votes were received under Class 5;

5.      Debtor has complied with all applicable Bankruptcy Code provisions and proposed its Plan in a manner that complies with the Bankruptcy Code;

6.      Debtor has proposed the Plan in good faith and not by any means forbidden by law;

7.      The Plan provides for professional fee applications to be submitted to the Court and approved as reasonable before being authorized for payment;

8.      The Plan discloses that the Reorganized Debtor shall serve as the Disbursing Agent under the Plan and shall only be compensated for out of pocket expenses.

9.      Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor or, to the minimal extent that it does apply, the Debtor has complied sufficiently with such requirements.

10.     The Plan provides that each holder of a claim or interest will receive or retain on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date;

11. All creditors who have filed written objections to the Plan have withdrawn their objections or failed to timely participate in the joint pretrial statement on their objections to the Plan as required by the Court and consequently either no objections from any creditor to the Plan were presented at, or those that were presented were overruled, at the confirmation hearing;

12. The Debtor and numerous Secured Creditors presented the Court with a number of modifications of the Allowed Secured Claim amounts pursuant to Section 506. These Secured Creditor Classes have either voted in favor of the Plan or agreed through Stipulations, previously filed or set forth directly in this Order or on the record during the confirmation hearing to the following Allowed Secured Claim values for each of the following Classes, to withdraw any objections they had to the Plan. Additionally, in some cases the Debtor unilaterally adjusted the section 506 valuations upward even if the affected had not stipulated to the same. The final section 506 Valuations of Secured Creditors claims under the plan are as follows:

| Class | Section 506 Valuation |
|-------|----------------------|
| 3A | $170,000.00 |
| 3B | $156,061.31 |
| 3C | $134,000.00 |
| 3D | $115,000.00 |
| 3E | $85,000.00 |
| 3F | $96,500.00 |
| 3G | $325,000.00 |
| 3H | $215,000.00 |
| 3I | $37,000.00 |
| 3J | $172,505.30 |
| 3K | $26,500.00 |
| 3L | $38,500.00 |
| 3M | $168,500.00 |
| 3N | $21,500.00 |
| 3O | $42,000.00 |
| 3P | $40,000.00 |
| 3Q | $26,500.00 |
| 3R | $24,500.00 |
| 3S | $34,000.00 |
| 3T | $42,500.00 |

| | |
|---|---|
| 3U | $98,143.93 |
| 3V | $18,500.00 |
| 3W | $50,000.00 |
| 3X | $28,000.00 |
| 3Y | $36,500.00 |
| 3Z | $28,500.00 |
| 3AA | $37,500.00 |
| 3BB | $31,700.00 |
| 3CC | $141,133.00 |
| 3DD | $20,229.07 |

A summary of the stipulations are set forth in Exhibit 2 attached hereto.

13.     Class 3(O) Claimant, Chase Home Financial, LLC (formerly identified in the Plan as Chase Home Financial) and the Debtor reached and filed a Stipulation regarding Class 3(O)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 195), a copy of which is attached hereto as Exhibit 3.  This Stipulation is hereby incorporated in, and modifies, the Plan.

14.     Class 3(T) Claimant, Everhome Mortgage Company and the Debtor reached and filed a Stipulation regarding Class 3(T)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket #  194), a copy of which is attached hereto as Exhibit 4.  This Stipulation is hereby incorporated in, and modifies, the Plan.

15.     Class 3(V) Claimant, Deutsche Bank Trust Company Americas as Trustee, 2002-9511 (formerly identified in the Plan as National City Mortgage) and the Debtor reached and filed a Stipulation regarding Class 3(V)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 197), a copy of which is attached hereto as Exhibit 5.  This Stipulation is hereby incorporated in, and modifies, the Plan.

16.     Class 3(X) Claimant, Deutsche Bank Trust Company Americas as Trustee (formerly identified in the Plan as the servicer National City Mortgage) and the Debtor reached

and filed a Stipulation regarding Class 3(X)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 196), a copy of which is attached hereto as Exhibit 6.  This Stipulation is hereby incorporated in, and modifies, the Plan.

17.     Class 3(H) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Courporation) and the Debtor reached and filed a Stipulation regarding Class 3(H)'s Secured Claim Allowance and Treatment on January 12, 2011 (Docket # 211), a copy of which is attached hereto as Exhibit 7.  This Stipulation is hereby incorporated in, and modifies, the Plan.

18.     Class 3(K) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(K)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 202), a copy of which is attached hereto as Exhibit 8.  This Stipulation is hereby incorporated in, and modifies, the Plan.

19.     Class 3(M) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as

- 5

the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(M)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 199 and 200), a copy of which is attached hereto as Exhibit 9.  This Stipulation is hereby incorporated in, and modifies, the Plan.

20.     Class 3(W) Claimant, Deutsche Bank Trust Company Americas as Trustee, 2003-QS6 (formerly identified in the Plan as the servicer National City Mortgage) and the Debtor reached and filed a Stipulation regarding Class 3(W)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 206), a copy of which is attached hereto as Exhibit 10.  This Stipulation is hereby incorporated in, and modifies, the Plan.

21.     Class 3(F) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-7, Mortgage Pass-Through Certificates, Series 2005-7 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(F)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 203), a copy of which is attached hereto as Exhibit 11.  This Stipulation is hereby incorporated in, and modifies, the Plan.

22.     Class 3(I) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-8, Mortgage Pass-Through Certificates, Series 2005-8 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(I)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket #

204), a copy of which is attached hereto as Exhibit 12. This Stipulation is hereby incorporated in, and modifies, the Plan.

23.    Class 3(G) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(G)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 205), a copy of which is attached hereto as Exhibit 13. This Stipulation is hereby incorporated in, and modifies, the Plan.

24.    Class 3(J) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(J)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 201), a copy of which is attached hereto as Exhibit 14. This Stipulation is hereby incorporated in, and modifies, the Plan.

25.    Class 3(L) Claimant, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-8, Mortgage Pass-Through Certificates, Series 2005-8 by its Attorney in fact Wells Fargo Bank, N.A. (formerly identified in the Plan as the servicer American Service Corporation) and the Debtor reached and filed a Stipulation

regarding Class 3(L)'s Secured Claim Allowance and Treatment on December 3, 2010 (Docket # 198), a copy of which is attached hereto as Exhibit 15. This Stipulation is hereby incorporated in, and modifies, the Plan.

26. Class 3(BB) Claimant, JPMorgan Chase Bank, National Association (formerly identified in the Plan as the servicer Washington Mutual Bank) and the Debtor reached and filed a Stipulation regarding Class 3(BB)'s Secured Claim Allowance and Treatment on November 16, 2010 (Docket # 190), a copy of which is attached hereto as Exhibit 16. This Stipulation is hereby incorporated in, and modifies, the Plan.

27. Class 3(CC) Claimant, JPMorgan Chase Bank, National Association (formerly identified in the Plan as the servicer Washington Mutual Bank) and the Debtor reached and filed a Stipulation regarding Class 3(CC)'s Secured Claim Allowance and Treatment on January 4, 2011 (Docket # 208), a copy of which is attached hereto as Exhibit 17. This Stipulation is hereby incorporated in, and modifies, the Plan.

28. Class 3(U) Claimant, M&I Marshall & Ilsley Bank (formerly identified in the Plan as the servicer M&I Mortgage Corporation) and the Debtor reached and filed a Stipulation regarding Class 3(U)'s Secured Claim Allowance and Treatment on May 18, 2010 (Docket # 153), a copy of which is attached hereto as Exhibit 18. This Stipulation is hereby incorporated in, and modifies, the Plan.

29. The Debtor filed with the Court the Declaration of Donald Park dated October 23, 2010 (Docket No. 187) ("Declaration") in support of confirmation of the Plan. Mr. Park is the authorized representative of Park Holdings, LLC, the sole member and managing member of the Debtor. The Debtor presented additional supporting testimony through Donald Park at the at the confirmation hearing on October 25, 2010. The entire record in this matter, including the

Debtor's bankruptcy schedules, and the Debtor provided evidence with regard to the values of Debtor's properties that were not subject to previous stipulations between secured creditors and the Debtor particularly with respect to Classes 3(Z), 3(Y), 3(AA), 3(R), 3(N), 3(P), 3(Q), and 3(S).

30.     The following are Stipulations as to Claim Allowance and Treatment that the Debtor and various Secured Creditors have entered or have agreed to, but have not been otherwise filed as a separate Stipulation with the Court.  These Stipulations are set forth directly herein as follows, and are hereby incorporated into, and modify, the Plan by this reference:

A.     Class 3(A), American Home Mortgage Servicing, Inc., shall have an Allowed Secured Claim in the amount of $170,000 pursuant to 11 U.S.C. section 506, the Plan and this Order.  The Class 3(A) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 10554 East Arbor Avenue, Mesa, AZ 85208 legally described as: LOT 357, OF INGNALL BUTTE UNIT 3, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 432 OF MAPS, PAGE 50.   Class 3(A)'s Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

B.     Class 3(B), American Home Mortgage Servicing, Inc., shall have an Allowed Secured Claim in the amount of $156,061.31 pursuant to 11 U.S.C. section 506, the Plan and this Order.  The Class 3(B) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 7749 West Boca Raton Road, Peoria AZ 85381 legally described as: LOT 150, OF SHAVANO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 347 OF MAPS, PAGE 25 AND AFFIDAVIT OF CORRECTION RECORDED IN

RECORDER'S NO. 92-043621. Class 3(B)'s Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

        C.      Class 3(E), American Home Mortgage Servicing, Inc., shall have an Allowed Secured Claim in the amount of $85,000.00 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(E) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 7912 West Whyman Avenue, Phoenix, AZ 85043 legally described as: LOT 357, OF SIGNALL BUTTE RANCH UNIT 3, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 432 OF MAPS, PAGE 50. Class 3(E)'s Claimaint's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

        D.      Class 3(D), American Home Mortgage Servicing, Inc., shall have an Allowed Secured Claim in the amount of $115,000.00 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(D) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 313 West Topeka Drive, Phoenix, AZ 85027 legally described as: LOT 97, OF NORTH VALLEY VIEW-UNIT TWO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 235 OF MAPS, PAGE 9. PARCEL NUMBER: 209-12-714 A.P.N. : 209-12-714. Class 3(D)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

        E.      Class 3(C), American Home Mortgage, shall have an Allowed Secured Claim in the amount of $134,000 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(C) Claimant's Allowed Secured Claim is secured by a lien in property generally

described as 8001 W. Sweetwater Ave, Peoria, AZ 85381 legally described as: LOT 253, OF

DAVE BROWN WEST UNIT 1, ACCORDING TO THE PLAT OF RECORD IN THE

OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA,

RECORDED BOOK 282 OF MAPS, PAGE 14.  Class 3(C)'s Claimant's Allowed Secured

Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

      F.     Class 3 (DD), Maricopa County Treasurer ("Maricopa County"), shall

have its Allowed Secured Claim paid in five even annual installments commencing one year

after the Petition Date and this Allowed Secured Claim shall accrue interest at the statutory rate

prescribed by Arizona law.

      31.    The following are restatements of a portion of the treatment that certain Secured

Creditor receive under the Plan who either 1) did not vote for or against the Plan and did not

otherwise obtain representation and affirmatively appear or take positions in the case, or 2) did

not vote for the Plan and were represented but not stipulation with the Secured Creditor was

reached:

      A.     Class 3(Z), Ocwen Loan Servicing, LLC, shall have an Allowed Secured

Claim in the amount of $28,500 pursuant to 11 U.S.C. section 506, the Plan and this Order.  The

Class 3(Z) Claimant's Allowed Secured Claim is secured by a lien in property generally

described as 1623 East Cambridge Avenue, Phoenix, AZ 85006 legally described as: THE EAST

50 FEET OF LOT 5, GREENFIELD ACRES, ACCORDING TO BOOK 13 OF MAPS, PAGE

9, RECORDS OF MARICOPA COUNTY, ARIZONA. Class 3(Z)'s Claimant's Allowed

Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360

months.

B. Class 3(Y), Ocwen Loan Servicing, LLC, shall have an Allowed Secured Claim in the amount of $36,500 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(Y) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 914 North 40th Avenue, Phoenix, AZ 85009 (A.K.A 4005 WEST ROOSEVELT, PHOENIX ARIZONA 85009; PARCEL NUMBER 106-04-054) legally described as: THE WEST HALF OF THE NORHTEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 3, TOWNSHIP 1 NORTH, RANGE 2 EAST OF THE GILA AND SALT RIVER BASE AND MERIDAN, MARICOPA COUNTY, ARIZONA; EXCEPT THE SOUTH 1220 FEET; AND EXCEPT THE EAST 30 FEET FOR ROADS. Class 3(Y)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

C. Class 3(AA), Ocwen Loan Servicing, LLC, shall have an Allowed Secured Claim in the amount of $37,500 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(AA) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 4225 North Longview Avenue, Phoenix, AZ 85014 legally described as:THE WEST HALF OF THE NORTH HALF OF LOT 11, BLOCK 3, LONGVIEW PLACE, ACCORDING TO BOOK 5 OF MAPS, PAGE 4, RECORDS OF MARICOPA COUNTY, ARIZONA. Class 3(AA)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

D. Class 3(R), CitiMortgage, Inc., shall have an Allowed Secured Claim in the amount of $24,500 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(R) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 2724 East Tamarisk Avenue, Phoenix, AZ 85040 legally described as: THE EAST HALF OF

LOT 108, BROADWAY ESTATES, ACCORDING TO BOOK 34 OF MAPS, PAGE 12, RECORDS OF MARICOPA COUNTY, ARIZONA; EXCEPT AN UNDIVIDED ½ INTEREST IN AND TO ALL OIL, GAS, PETROLEUM, NAPTHA AND OTHER HYDROCARBON SUBSTANCES AND MINERALS OF WHATSOEVER KIND AND NATURE, IN, UPON, OR BENEATHE THE PROPERTY, AS RESERVED IN BOOK 356 OF DEEDS, PAGE 181. Class 3(R)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

      E.      Class 3(N), Bank of America Home Loans, shall have an Allowed Secured Claim in the amount of $21,500.00 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(N) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 822 South 3rd Ave, Phoenix, AZ 85003 legally described as: THE EAST 70 FEET OF LOTS 13 AND 14, BLOCK 22, MONTGOMERY, ACCORDING TO THE BOOK 2 OFMAPS, PAGE 40, RECORDS OF MARICOPA COUNTY, ARIZONA.  Class 3(N)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

      F.      Class 3(S), Everhome Mortgage Company, shall have an Allowed Secured Claim in the amount of $34,000.00 pursuant to 11 U.S.C. section 506, the Plan and this Order. The Class 3(S) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 801 South 1st Avenue, Phoenix, AZ 85003 legally described as: LOT 1, BLOCK 18, GERIGS SUBDIVISION, ACCORDING TO BOOK 3 OF MAPS, PAGE 20, RECORODS OF MARICOPA COUNTY, ARIZONA.  Class 3(S)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

G.     Class 3(P), Chase Home Financial, shall have an Allowed Secured Claim in the amount of $40,000.00 pursuant to 11 U.S.C. section 506, the Plan and this Order.  The Class 3(P) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 443 South Grand Avenue, Mesa, AZ 85210 legally described as: LOT 18 AND THE SOUTH HALF OF LOT 16, EXTENSION TO THE STEWART ADDITION TO MESA CITY, ARIZONA, ACCORDING TO BOOK 8 OF MAPS, PAGE 34, RECORDS OF MARICOPA COUNTY, ARIZONA.  Class 3(P)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

H.     Class 3(Q), Chase Home Financial, shall have an Allowed Secured Claim in the amount of $26,500.00 pursuant to 11 U.S.C. section 506, the Plan and this Order.  The Class 3(Q) Claimant's Allowed Secured Claim is secured by a lien in property generally described as 1723 E. Harvard Street, Phoenix, AZ 85006 legally described as:  THE WEST 48.73 FEET OF THE NORTH HALF OF LOT 47, GREENFIELD ACRES TRACT TWO, ACCORDING TO BOOK 14 OF MAPS, PAGE 2, RECORDS OF MARICOPA COUNTY, ARIZONA.  Class 3(Q)'s Claimant's Allowed Secured Claim shall be repaid through the Plan with interest fixed at 5.25% per annum over 360 months.

32.     Except as specifically set forth herein in this Order or the Stipulations incorporated herein by reference, each of the Classes identified in the Plan shall be treated in accordance with the terms of the Plan and the Creditors shall be bound by the terms of the Plan.

33.     The Court finds that the Debtor's Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Debtor's Plan pursuant to 11 U.S.C. §1129(b).

34.     The Plan provisions regarding priority claims comply with Section 1129(a)(9).

35.     Based upon the Declaration of Mr. Park, testimony of Mr. Park, the entire record in this Case, the Debtor's bankruptcy schedules, and the evidence presented, the Plan appears to be feasible and is unlikely to be followed by either a liquidation or the need for further additional financial reorganization.

36.     The Debtor has filed monthly operating reports and has testified to payment of the Trustee's fees. The US Trustee did not appear, file an objection or contend otherwise.

37.     The section of the Code, 1129(e)(13) dealing with retiree benefits is not applicable case.

38.     Provisions of Section 1129(a)(14) through (16) are not applicable to this case. Based upon all the evidence presented and arguments of counsel made at the confirmation and the entire record of Debtor's Chapter 11 case; and after due deliberation sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that Debtor's Plan, as amended by the Stipulations referenced, attached, or set forth herein, is hereby confirmed;

**IT IS FURTHER ORDERED** that the Debtor will be known as Missouri Realty, L.L.C., an Arizona limited liability company (the "Reorganized Debtor");

**IT IS FURTHER ORDERED** that except as otherwise provided in § 1141 of the Bankruptcy Code or in the Plan, this Order Confirming Plan discharges the Debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in 11 U.S.C. § 502(g), 502(h), or 502(i);

**IT IS HEREBY ORDERED** that this Order Confirming Plan discharges the Debtor from the debts as provided in 11 U.S.C. § 1141 and 11 U.S.C. § 524.

1     **IT IS HEREBY ORDERED** that the Debtor and each of the Creditors are bound by and

2   shall abide by the terms of the Plan.

3

4                                  **DATED AND SIGNED ABOVE**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Approved as to the form and content:

24

25

1

2 Leonard McDonald, Esq.
  Tiffany & Bosco, P.A., Attorney for:
3

4 Everhome Mortgage Company - PROPERTY LOCATED AT 2213 E. SHERIDAN ST.
5 PHOENIX, AZ 85006 – Class 3T

6 The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP
  Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear
7 Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney
  in fact Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 8114 EAST MITCHELL DRIVE
8 SCOTTSDALE, AZ 85251 – Class 3J

9 Chase Home Finance LLC - PROPERTY LOCATED AT 921 EAST AMELIA AVENUE
  PHOENIX, AZ 85014 – Class 3O
10

11 Deutsche Bank Trust Company Americas as Trustee - PROPERTY LOCATED AT
   1428 E PORTLAND ST PHOENIX, AZ 85006 – Class 3X
12

   Deutsche Bank Trust Company Americas as Trustee, 2002-QS11- PROPERTY LOCATED AT
13 623 S. GRAND AVE. MESA, AZ 85210 – Class 3V

14 The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan
   Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns
15 ALT-A Trust 2005-8, Mortgage Pass-Through Certificates, Series 2005-8 by its Attorney in fact
   Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 824 WEST PASEO WAY PHOENIX,
16 AZ 85041 – Class 3L

17
   The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan
18 Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns
   ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact
19 Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 6213 WEST OSBORN ROAD
   PHOENIX, AZ 85033 – Class 3K
20

   The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP
21 Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear
   Stearns ALT-A Trust 2005-7, Mortgage Pass-Through Certificates, Series 2005-7 by its Attorney
22 in fact Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 1101 EAST 8TH STREET
   MESA, AZ 85203 – Class 3F
23

24 The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan
   Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns
25 ALT-A Trust 2005-8, Mortgage Pass-Through Certificates, Series 2005-8 by its Attorney in fact

| | |
|---|---|
| 1 | Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 962 MACDONALD MESA, AZ 85210 – Class 3I |
| 2 | |
| 3 | The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 15806 SOUTH 35TH WAY PHOENIX, AZ 85048- Class 3 G |
| 4 | |
| 5 | |
| 6 | Deutsche Bank Trust Company Americas As Trustee 2003-QS6 - PROPERTY LOCATED AT 3526 E. MCKINLEY ST. PHOENIX, AZ 85008 – Class 3W |
| 7 | |
| 8 | The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. - PROPERTY LOCATED AT 8068 EAST VIRGINIA AVENUE SCOTTSDALE, AZ 85257 – Class 3M |
| 9 | |
| 10 | |
| 11 | The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A.- 1654 WEST ENFIELD WAY CHANDLER, AZ 85248- Class 3H |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1

2 Kyle Shelton, Esq.
Pite Duncan LLP

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

Matthew Silverman, Esq.
2   McCarthy & Holthus, LLP
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Kevin Hahn
Malcolm Cisneros

**FOLKS & O'CONNOR, PLLC**


___/s/ Eugene F. O'Connor____
Eugene F. O'Connor
*Attorneys for M&I Marshall & Ilsley Bank*



**EXHIBIT 1**

1

2　Mark J. Giunta (#015079)
　　Law Office of Mark J. Giunta
3　1413 N. 3rd St.
　　Phoenix, AZ 85004-1612
4　Phone (602) 307-0837
　　Fax (602) 307-0838
5　Email mark.giunta@azbar.org

6　Attorney for Debtor

7

8　　　　　　　IN THE UNITED STATES BANKRUPTCY COURT

9　　　　　　　　　FOR THE DISTRICT OF ARIZONA

10　In re:　　　　　　　　　　　　　In Proceedings Under Chapter 11

11　MISSOURI REALTY, LLC.　　　　Case No. 2-09-bk-27743-GBN

12　　　　　　　　　Debtor.

13

14

15　　**FIRST AMENDED PLAN OF REORGANIZATION DATED MARCH 15, 2010**

16　　　　　　　　**PROPOSED BY THE DEBTOR**

17

18

19

20

21

22

23

24

25

# ARTICLE I

## DEFINITIONS

**1.01 Defined Terms.** The capitalized terms used in this Plan shall have the meanings as set forth in Appendix "A" attached hereto.

**1.02 Undefined Terms.** Terms and phrases, whether capitalized or not, that are used and not defined in Appendix "A" attached hereto, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.

**1.03 Interpretation.** The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 General.** For the purposes of organization only with respect to administrative expenses and for purposes of organization, voting and all Confirmation matters with respect to all Claims of Creditors of the Debtors, this Plan classifies Claims in separate and distinct Classes as follows:

**2.02 Class 1: Administrative Expenses.** Class 1 shall consist of the costs and expenses of administration as defined in § 503 of the Bankruptcy Code for which application or allowance is made, or a Claim is filed, as the same are allowed, approved, and ordered paid by the Court. Administrative Expenses shall consist of: (1) all Claims arising under § 330 of the Bankruptcy

Code, including reasonable compensation for actual and necessary services rendered by a professional person (including attorneys) and by any paraprofessional persons employed by such, based on, among other things, the nature, extent and value of such services, the time spent on such services, and the cost of comparable services other than in a case under Title 11; (2) the costs and expenses of the administration of this proceeding, including, but not limited to, any Bankruptcy Court Clerk fees or Court Reporter's fees which have not been paid, the cost of reproduction and mailing of this Plan and the Disclosure Statement; (3) any post-petition operating expenses of the Debtors which are due and unpaid at Confirmation; and (4) the actual and necessary costs of preserving the Estate. This class includes the attorney's fees and costs incurred by counsel for the Debtor, Mark J. Giunta, in the approximate amount of $17,673.33 through January 31, 2010.

Class 1 also expressly includes any outstanding pre-confirmation quarterly fee payments owed by the Debtors to the United States Trustee.

**2.03 Class 2: Priority Claims.** Class 2 consists of all Allowed obligations, including tax obligations, of the Debtors which are entitled to priority under § 507(a)(8) of the Bankruptcy Code. The Debtor is not aware of any Priority Claims at this time.

**2.04 Class 3A: Secured Claim of American Home Mortgage.** Class 3A consists of the Allowed Secured Claim of American Home Mortgage ("AMH") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $ 277,998 secured by a lien in a first position on a single family home located at 10554 E. Arbor Ave, Mesa AZ 85208 Phoenix, Az 85021 ("Arbor").

**2.05 Class 3B: Secured Claim of American Home Mortgage.** Class 3B consists of the Allowed Secured Claim of American Home Mortgage ("AMH") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $155,961 secured by a lien in

1  a first position on a single family home located at 7749 W. Boca Raton, Peoria AZ 85381 ("Boca
2  Raton").

3      2.06 **Class 3C: Secured Claim of American Home Mortgage.** Class 3C consists of the
4  Allowed Secured Claim of American Home Mortgage ("AMH") which prior to an 11 U.S.C.
5  section 506 determination, has an approximate principal amount of $141,600 secured by a lien in
6  a first position on a single family home located at 8001 W. Sweetwater Ave, Peoria AZ 85381
7  ("8001 W. Sweetwater").
8
9      2.07 **Class 3D: Secured Claim of American Home Mortgage.** Class 3D consists of
10 the Allowed Secured Claim of American Home Mortgage ("AMH") which prior to an 11 U.S.C.
11 section 506 determination, has an approximate principal amount of $176,125 secured by a lien in
12 a first position on a single family home located at 313 W. Topeka Drive, Phoenix AZ 85027
13 ("Topeka").

14     2.08 **Class 3E: Secured Claim of American Home Mortgage.** Class 3E consists of the
15 Allowed Secured Claim of American Home Mortgage ("AMH") which prior to an 11 U.S.C.
16 section 506 determination, has an approximate principal amount of $139,789 secured by a lien in
17 a first position on a single family home located at 7912 W. Whyman Ave, Phoenix AZ 85043
18 ("Whyman").
19
20     2.09 **Class 3F: Secured Claim American Service Corporation.** Class 3F consists of
21 the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11
22 U.S.C. section 506 determination, has an approximate principal amount of $147,154 secured by a
23 lien in a first position on a single family home located at 1101 E, 8th Street, Mesa AZ 85203 ("8th
24 St").
25

2.10 **Class 3G: Secured Claim of American Service Corporation.** Class 3G consists of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $258,834 secured by a lien in a first position on a single family home located at 15806 S. 35th Way, Phoenix AZ 85044 ("35th Way").

2.11 **Class 3H: Secured Claim of American Service Corporation.** Class 3H consists of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $215, 984 secured by a lien in a first position on a single family home located at 1654 W.Enfield Way, Chandler AZ 85248 ("Enfield").

2.12 **Class 3I: Secured Claim of American Service Corporation.** Class 3I consists of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $114,400 secured by a lien in a first position on a single family home located at 962 S. MacDonald, Mesa AZ 85210 ("MacDonald").

2.13 **Class 3J: Secured Claim of American Service Corporation.** Class 3J consists of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $160,000 secured by a lien in a first position on a single family home located at 8114 E. Mitchell Drive, Scottsdale AZ 85251 ("Mitchell").

2.14 **Class 3K: Secured Claim of American Service Corporation.** Class 3K consists of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $97,500 secured by a

1  lien in a first position on a single family home located at 6213 W. Osborn, Phoenix AZ 85033
2  ("Osborn").

3  **2.15 Class 3L: Secured Claim of American Service Corporation.** Class 3L consists
4  of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11
5  U.S.C. section 506 determination, has an approximate principal amount of $109,600 secured by a
6
7  lien in a first position on a single family home located at 824 W. Paseo Way, Phoenix AZ 85041
8  ("Paseo Way").

9  **2.16 Class 3M: Secured Claim of American Service Corporation.** Class 3M consists
10 of the Allowed Secured Claim of American Service Corporation ("ASC") which prior to an 11
11 U.S.C. section 506 determination, has an approximate principal amount of $171,952 secured by a
12 lien in a first position on a single family home located at 8068 E. Virginia Ave, Scottsdale AZ
13 85257 ("Virginia").

14 **2.17 Class 3N: Secured Claim of Bank of America Home Loans.** Class 3N consists
15 of the Allowed Secured Claim of Bank of America Home Loans ("AHL") which prior to an 11
16 U.S.C. section 506 determination, has an approximate principal amount of $103,157 secured by a
17 lien in a first position on a single family home located at 822 South 3rd Ave, Phoenix AZ 85003
18 ("3rd Ave").
19
20 **2.18 Class 3O: Secured Claim of Chase Home Financial.** Class 3O consists of the
21 Allowed Secured Claim of Chase Home Financial ("CHF") which prior to an 11 U.S.C. section
22 506 determination, has an approximate principal amount of $127,805 secured by a lien in a first
23 position on a single family home located at 921 E. Amelia Street, Phoenix AZ 85014 ("Amelia").
24 **2.19 Class 3P: Secured Claim of Chase Home Financial.** Class 3P consists of the
25 Allowed Secured Claim of Chase Home Financial ("CHF") which prior to an 11 U.S.C. section

506 determination, has an approximate principal amount of $127,784 secured by a lien in a first position on a single family home located at 443 S. Grand Ave, Mesa AZ 85210 ("623 Grand").

**2.20 Class 3Q: Secured Claim of Chase Home Financial.** Class 3Q consists of the Allowed Secured Claim of Chase Home Financial ("CHF") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $124,429 secured by a lien in a first position on a single family home located at 1723 E. Harvard Street, Phoenix AZ 85006 ("Harvard").

**2.21 Class 3R: Secured Claim of CitiMortgage Inc.** Class 3R consists of the Allowed Secured Claim of CitiMortgage, Inc. ("CM") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $80,518 secured by a lien in a first position on a single family home located at 2724 E. Tamarisk Ave, Phoenix AZ 85040 ("Tamarisk").

**2.22 Class 3S: Secured Claim of Everhome Mortgage Company.** Class 3S consists of the Allowed Secured Claim of Everhome Mortgage Company ("EMC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $117,626 secured by a lien in a first position on a single family home located at ("801 S. 1st Ave, Phoenix AZ 85003").

**2.23 Class 3T: Secured Claim of Everhome Mortgage Company.** Class 3T consists of the Allowed Secured Claim of Everhome Mortgage Company ("EMC") which prior to an 11 U.S.C. section 506 determination, has an approximate principal amount of $89,871 secured by a lien in a first position on a single family home located at 2213 E. Sheridan Street, Phoenix AZ 85006 ("Sheridan").

- 7

1    **2.24 Class 3U: Secured Claim of M&I Mortgage Corporation.** Class 3U consists of

2 the Allowed Secured Claim of M&I Mortgage Corporation ("M&I") which prior to an 11 U.S.C.

3 section 506 determination, has an approximate principal amount of $95,151.54 secured by a lien

4 in a first position on a single family home located at 1018 N. 26th Street, Phoenix AZ 85008

5 ("26th St"). M&I has made the election pursuant 11 U.S.C. section 1111(b).

6    **2.25 Class 3V: Secured Claim of National City Mortgage.** Class 3V consists of the

7 Allowed Secured Claim of National City Mortgage ("NCM") which prior to an 11 U.S.C. section

8 506 determination, has an approximate principal amount of $109,000 secured by a lien in a first

9

10 position on a single family home located at 623 S. Grand Ave, Mesa AZ 85210 ("623 Grand").

11    **2.26 Class 3W: Secured Claim of National City Mortgage.** Class 3W consists of the

12 Allowed Secured Claim of National City Mortgage ("NCM") which prior to an 11 U.S.C. section

13 506 determination, has an approximate principal amount of $117,000 secured by a lien in a first

14 position on a single family home located at 3526 E. McKinley, Phoenix AZ 85020

15 ("McKinley").

16    **2.27 Class 3X: Secured Claim of National City Mortgage.** Class 3X consists of the

17 Allowed Secured Claim of National City Mortgage ("NCM") which prior to an 11 U.S.C. section

18 506 determination, has an approximate principal amount of $124,200 secured by a lien in a first

19 position on a single family home located at 1428 E. Portland Street, Phoenix AZ 85006

20 ("Portland").

21

22    **2.28 Class 3Y: Secured Claim of Ocwen Loan Servicing, LLC.** Class 3Y consists of

23 the Allowed Secured Claim of Ocwen Loan Servicing, LLC ("OLC") which prior to an 11

24 U.S.C. section 506 determination, has an approximate principal amount of $91,461 secured by a

25

1  lien in a first position on a single family home located at 914 N. 40th Ave, Phoenix AZ 85009
2  ("40th Ave").

3  **2.29 Class 3Z: Secured Claim of Ocwen Loan Servicing, LLC.** Class 3Z consists of
4  the Allowed Secured Claim of Ocwen Loan Servicing ("OLC") which prior to an 11 U.S.C.
5  section 506 determination, has an approximate principal amount of $102,439 secured by a lien in
6  a first position on a single family home located at 1623 E. Cambridge Ave. Phoenix AZ 85006
7  ("Cambridge").
8
9  **2.30 Class 3AA: Secured Claim of Ocwen Loan Servicing, LLC** Class 3AA consists
10  of the Allowed Secured Claim of Ocwen Loan Servicing, LLC ("OLC") which prior to an 11
11  U.S.C. section 506 determination, has an approximate principal amount of $97,783 secured by a
12  lien in a first position on a single family home located at 4225 North Longview Ave, Phoenix AZ
13  85014 ("Longview").

14  **2.31 Class 3BB: Secured Claim of Washington Mutual Bank.** Class 3BB consists of
15  the Allowed Secured Claim of Washington Mutual Bank ("WMB") which prior to an 11 U.S.C.
16  section 506 determination, has an approximate principal amount of $97,369 secured by a lien in
17  a first position on a single family home located at 2244 N. 20th Street, Phoenix AZ 85006 ("20th
18  St").
19
20  **2.32 Class 3CC: Secured Claim of Washington Mutual Bank.** Class 3CC consists of
21  the Allowed Secured Claim of Washington Mutual Bank ("WMB") which prior to an 11 U.S.C.
22  section 506 determination, has an approximate principal amount of $133,621 secured by a lien in
23  a first position on a single family home located at 4024 S. Allred Drive, Tempe AZ 85282
24  ("Allred").
25

2.33 **Class 3DD: Secured Claim of Maricopa County Treasurer.** Class 3DD consists of the Allowed Secured Claim of Maricopa County Treasurer ("Maricopa County") which has an approximate principal amount of $36,000 secured by a lien in a senior position on the Debtor's single family homes in Maricopa County.

2.34 **Class 4: Unsecured Creditors Arising On Account of Any Deficiency Claims.** Class 4 consists of the Allowed Unsecured Claims on account of any deficiency claims. These Claims shall be determined after the Court has conducted an 11 U.S.C. section 506 determination of secured status as to the Creditors holding Claims secured by the real property assets of the Debtor. Any Creditors asserting such a Claim must do so by filing a Proof of Claim for the same within 30 days of the date of the entry of the Order by the Court setting forth is 11 U.S.C. section 506 determination of secured status as to that particular Creditor or the date of Confirmation whichever is earlier.

2.35 **Class 5: Claims of General Unsecured Creditors.** Class 5 consists of the Allowed Unsecured Claims, other than the deficiency claims set forth in Class 4.

2.36 **Class 6: Equity Security Holders.** Class 6 consists of the interests of Equity Security Holders which is the Debtor's sole member, Park Holdings, LLC.

2.37 **Elimination of Classes.** Any Class that is not occupied as of the date of the hearing on confirmation of this Plan by an Allowed Claim or a Claim temporarily allowed pursuant to Rule 3019 of the Bankruptcy Rules shall be deemed deleted from this Plan for purposes of voting on acceptance or rejection of this Plan and for the purpose of determining whether this Plan has been accepted by such Class pursuant to Section 1129 of the Bankruptcy Code.

# ARTICLE III

## IDENTIFICATION OF IMPAIRED CLASSES OF
## CLAIMS AND EQUITY INTERESTS

**3.01    Impaired Classes of Claims**. Classes 3A through 3DD (except for Class 3U), 4, 5, and 6 are impaired under this Plan. Administrative Expenses (Class 1) and Priority Tax Claims (Classes 2(a) and (b)) are treated in accordance with Section 1129(a)(9) of the Bankruptcy Code unless otherwise agreed to by the claimant. All other classes are unimpaired.

**3.02    Impairment Controversies**. If a controversy arises as to whether any Claim or any class of Claims is impaired under this Plan, such class shall be treated as specified in this Plan unless the Bankruptcy Court shall determine such controversy upon motion of the party challenging the characterization of a particular Class or Claim under this Plan.

# ARTICLE IV

## ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF
## REJECTION BY ONE OR MORE CLASSES OF CLAIMS

**4.01    Classes Entitled to Vote**. Each impaired Class of Claims shall be entitled to vote separately to accept or reject this Plan. Any unimpaired Class of Claims shall not be entitled to vote to accept or reject this Plan.

**4.02    Creditors Not Entitled to Vote**. Only Creditors holding Claims that are not contested may vote for the Plan unless authorized by the Court to do so after motion and court order entered prior to the Confirmation hearing unless Debtors stipulate to allow a Creditor temporary voting privileges.

**4.03    Class Acceptance Requirement.**  A Class of Claims shall have accepted this Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted on this Plan.

**4.04    One Vote Per Holder.**  If a holder of a Claim holds more than one Claim in any one class, all Claims of such holder in such Class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting on this Plan.

**4.05    Cramdown.**  Notwithstanding the rejection or deemed rejection of this Plan by any class of Claims, Debtors shall request that the Bankruptcy Court confirm this Plan in accordance with Section 1129(b) of the Bankruptcy Code.

**ARTICLE V**

**TREATMENT OF ADMINISTRATIVE EXPENSES
AND CLASSES NOT IMPAIRED UNDER THE PLAN**

**5.01    Class 1: Administrative Expenses.**  The allowed amount of Administrative Expenses shall be paid:

(A)    On the later of:  (1) the Effective Date; or (2) ten days after an Order approving the Administrative Expenses is entered if the Claim is one of a professional person employed under Sections 327 or 1103 of the Bankruptcy Code or otherwise employed by the Bankruptcy; or (3) for all other Administrative Expenses, twenty days after the Claim becomes an Allowed Claim; or

(B)    Through such other treatment as may be agreed in writing by such holder of an Administrative Expense or as expressly set forth herein; provided, however, an Allowed Administrative Expense representing a liability incurred in the ordinary course of business shall be paid by Debtors upon presentment or otherwise in accordance with the terms of the particular

1 | transaction and any agreements relating thereto.

2 | **5.02 Class 2: Priority Tax Claims.** Debtors will pay all Class 2 claims, to the extent any

3 | exist, in 5 years, in even annual cash payments, commencing one year after the Effective Date, a

4 | value, as of the Effective Date of the Plan, equal to the allowed amount of such claim consistent

5 | with 11 U.S.C. section 1129(a)(9)( C).

6 | **5.03 Class 3U: Secured Claim of M&I Mortgage Corporation.** M&I shall retain

7 | all liens and security interests it holds in the 26th St Property. M&I's legal, equitable, and

8 | contractual rights as a Secured Creditor holding a security interest in the 26th St Property shall

9 | not be altered in anyway by the Plan within the meaning of, and consistent with, 11 U.S.C.

10 | Section 1124(1).

11 |

12 |

13 | **ARTICLE VI**

14 | **TREATMENT OF CLASSES**
15 | **IMPAIRED UNDER THE PLAN**

16 |

17 | **6.01 Class 3A: Secured Claim of American Home Mortgage**

18 | The Allowed amount of the Secured Claim of American Home Mortgage ("AHM")

19 | secured by the Arbor property as defined above in Class 3A shall be determined by the Court

20 | pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

21 | current section 506 valuation of $144,000. Nonetheless, in order to avoid a dispute over the

22 | current value the Debtor proposes to treat the Allowed Secured Claim Amount as $147,500. The

23 | Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

24 | Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

25 |

Allowed Secured Claim Amount of $147,500.00 the monthly payment to the Claimant shall be in the amount of ($810.95) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to AHM left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if AMH elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. AHM shall retain all its liens and security interests in the Arbor Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Arbor Property to AHM in full satisfaction of any and all Claims held by AHM against the Debtor, the Debtor's affiliates or its principles.

**6.02 Class 3B: Secured Claim of American Home Mortgage**

The Allowed amount of the Secured Claim of American Home Mortgage ("AHM") secured by the Boca Raton property as defined above in Class 3B shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $130,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $132,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For

example, based on an Allowed Secured Claim Amount of $132,500 the monthly payment to the Claimant shall be in the amount of ($728.48) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to AHM left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if AMH elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. AHM shall retain all its liens and security interests in the Boca Raton Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Boca Raton Property to AHM in full satisfaction of any and all Claims held by AHM against the Debtor, Debtor's affiliates or its principles.

**6.03 Class 3C: Secured Claim of American Home Mortgage**

The Allowed amount of the Secured Claim of American Home Mortgage ("AHM") secured by the 8001 W. Sweetwater property as defined above in Class 3C shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $121,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $123,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For

1    example, based on an Allowed Secured Claim Amount of $123,500 the monthly payment to the

2    Claimant shall be in the amount of ($679.00) commencing the first day of the second month after

3    the Effective Date. There would be no prepayment penalties or additional loan fees.

4    To the extent there is any indebtedness owed to AHM left unpaid by this treatment, the

5    Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6    Alternatively, if AHM elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7    have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8    a 360 month amortization without interest. The monthly payment to the Claimant shall

9    commence the first day of the second month after the Effective Date. AHM shall retain all its

10    liens and security interests in the 8001 W. Sweetwater Property to the extent it holds an Allowed

11

12    Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until

13    the completion of the payments called for herein.

14    At any time within four years of the Effective Date, the Debtor shall have the right to

15    surrender the 8001 W. Sweetwater Property to AHM in full satisfaction of any and all Claims

16    held by AHM against the Debtor, Debtor's affiliates, or its principles.

17    **6.04 Class  3D:     Secured  Claim  of  American  Home  Mortgage**

18    The Allowed amount of the Secured Claim of American Home Mortgage ("AHM")

19    secured by the Topeka property as defined above in Class 3D shall be determined by the Court

20    pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

21    current section 506 valuation of $85,000. Nonetheless, in order to avoid a dispute over the

22    current value the Debtor proposes to treat the Allowed Secured Claim Amount as $87,500. The

23

24    Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

25    Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

Allowed Secured Claim Amount of $87,500 the monthly payment to the Claimant shall be in the amount of ($481.07) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to AHM left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if AHM elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. AHM shall retain all its liens and security interests in the Topeka Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Topeka Property to AHM in full satisfaction of any and all Claims held by AHM against the Debtor, Debtor's affiliates, or its principles.

**6.05 Class 3F: Secured Claim of American Home Mortgage**

The Allowed amount of the Secured Claim of American Home Mortgage ("AHM") secured by the Whyman property as defined above in Class 3E shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $65,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $67,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

Allowed Secured Claim Amount of $67,500 the monthly payment to the Claimant shall be in the amount of ($371.11) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to "AHM" left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if NH elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. "AHM" shall retain all its liens and security interests in the Whyman Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Whyman Property to AHM in full satisfaction of any and all Claims held by AHM against the Debtor, Debtor's affiliates, or its principles.

**6.06 Class 3F:    Secured    Claim    of    American    Service    Corporation**

The Allowed amount of the Secured Claim of American Service Corporation ("ASC") secured by the 8th St property as defined above in Class 3F shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $94,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $96,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

Allowed Secured Claim Amount of $96,500, the monthly payment to the Claimant shall be in the amount of ($530.56) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if NH elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. ASC shall retain all its liens and security interests in the 8th St Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the 8th St Property to ASC in full satisfaction of any and all Claims held by ASC against the Debtor, Debtor's affiliates, or its principles.

### 6.07 Class 3G: Secured Claim of American Service Corporation

The Allowed amount of the Secured Claim American Service Corporation ("ASC") secured by the 35th Way property as defined above in Class 3G shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $289,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $258,800. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based

on an Allowed Secured Claim Amount of $258,800 the monthly payment to the Claimant shall be in the amount of ($1,418.48) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. ASC shall retain all its liens and security interests in the 35th Way Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the 35th Way Property to ASC in full satisfaction of any and all Claims held by ASC against the Debtor, Debtor's affiliates, or its principles.

**6.08 Class 3H:** **Secured Claim of American Servicing Corporation**

The Allowed amount of the Secured Claim of American Servicing Corporation ("ASC") secured by the Enfield property as defined above in Class 3H shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $185,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $188,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

1  Allowed Secured Claim Amount of $188,500, the monthly payment to the Claimant shall be in

2  the amount of ($1,036.37) commencing the first day of the second month after the Effective

3  Date. There would be no prepayment penalties or additional loan fees.

4  To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the

5  Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6  Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7  have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8  a 360 month amortization without interest. The monthly payment to the Claimant shall

9  commence the first day of the second month after the Effective Date. ASC shall retain all its

10  liens and security interests in the Enfield Property to the extent it holds an Allowed Secured

11  Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

12

13  completion of the payments called for herein.

14  At any time within four years of the Effective Date, the Debtor shall have the right to

15  surrender the Enfield Property to ASC in full satisfaction of any and all Claims held by ASC

16  against the Debtor, Debtor's affiliates, or its principles.

17  **6.09 Class 3I:     Secured Claim of American Servicing Corporation**

18  The Allowed amount of the Secured Claim of American Servicing Corporation ("ASC")

19  secured by the MacDonald property as defined above in Class 3I shall be determined by the

20  Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property

21  establishes a current section 506 valuation of $25,000. Nonetheless, in order to avoid a dispute

22  over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as

23  $27,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month

24  amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For

25

example, based on an Allowed Secured Claim Amount of $27,500 the monthly payment to the Claimant shall be in the amount of ($151.19) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. ASC shall retain all its liens and security interests in the MacDonald Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the MacDonald Property to ASC in full satisfaction of any and all Claims held by ASC against the Debtor, Debtor's affiliates or its principles.

**6.10 Class 3J:      Secured   Claim   of   American   Service   Corporation**

The Allowed amount of the Secured Claim of American Service Corporation ("ASC") secured by the Mitchell property as defined above in Class 3J shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $132,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $135,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

1 Allowed Secured Claim Amount of $132,500 the monthly payment to the Claimant shall be in

2 the amount of ($744.98) commencing the first day of the second month after the Effective Date.

3 There would be no prepayment penalties or additional loan fees.

4 To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the

5 Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6 Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7 have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8 a 360 month amortization without interest. The monthly payment to the Claimant shall

9 commence the first day of the second month after the Effective Date. ASC shall retain all its

10 liens and security interests in the Mitchell Property to the extent it holds an Allowed Secured

11 Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

12 completion of the payments called for herein.

13

14 At any time within four years of the Effective Date, the Debtor shall have the right to

15 surrender the Mitchell Property to ASC in full satisfaction of any and all Claims held by ASC

16 against the Debtor, Debtor's affiliates or its principles.

17 **6.11 Class 3K: Secured Claim of American Service Corporation** The Allowed

18 amount of the Secured Claim of American Service Corporation ("ASC") secured by the Osborn

19 property as defined above in Class 3K shall be determined by the Court pursuant to 11 U.S.C.

20 section 506. The Debtor's updated valuation of the property establishes a current section 506

21 valuation of $25,000. Nonetheless, in order to avoid a dispute over the current value the Debtor

22 proposes to treat the Allowed Secured Claim Amount as $26,500. The Allowed Secured Claim

23 Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim

24 Amount at Fixed 5.25% per annum interest. For example, based on an Allowed Secured Claim

25

1 Amount of $26,500, the monthly payment to the Claimant shall be in the amount of ($145.70)

2 commencing the first day of the second month after the Effective Date. There would be no

3 prepayment penalties or additional loan fees.

4 To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the

5 Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6 Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7 have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8 a 360 month amortization without interest. The monthly payment to the Claimant shall

9 commence the first day of the second month after the Effective Date. ASC shall retain all its

10 liens and security interests in the Osborn Property to the extent it holds an Allowed Secured

11 Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13 completion of the payments called for herein.

14 At any time within four years of the Effective Date, the Debtor shall have the right to

15 surrender the Osborn Property to ASC in full satisfaction of any and all Claims held by ASC

16 against the Debtor, Debtor's affiliates, or its principles.

17 **6.12 Class 3L: Secured Claim of American Service Corporation**

18 The Allowed amount of the Secured Claim of American Service Corporation ("ASC")

19 secured by the Paseo Way property as defined above in Class 3L shall be determined by the

20 Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property

21 establishes a current section 506 valuation of $36,000. Nonetheless, in order to avoid a dispute

22 over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as

23 $38,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month

24 amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For

25

example, based on an Allowed Secured Claim Amount of $38,500 the monthly payment to the Claimant shall be in the amount of ($211.67) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. ASC shall retain all its liens and security interests in the Paseo Way Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Paseo Way Property to ASC in full satisfaction of any and all Claims held by ASC against the Debtor, Debtor's affiliates, or its principles.

**6.13 Class 3M: Secured Claim of American Service Corporation**

The Allowed amount of the Secured Claim of American Service Corporation ("ASC") of H secured by the Virginia property as defined above in Class 3A shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $166,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $168,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For

1  example, based on an Allowed Secured Claim Amount of $168,500, the monthly payment to the

2  Claimant shall be in the amount of ($926.41) commencing the first day of the second month after

3  the Effective Date. There would be no prepayment penalties or additional loan fees.

4  To the extent there is any indebtedness owed to ASC left unpaid by this treatment, the

5  Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6  Alternatively, if ASC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7  have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8  a 360 month amortization without interest. The monthly payment to the Claimant shall

9  commence the first day of the second month after the Effective Date. ASC shall retain all its

10 liens and security interests in the Virginia Property to the extent it holds an Allowed Secured

11 Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

12 completion of the payments called for herein.

13

14 At any time within four years of the Effective Date, the Debtor shall have the right to

15 surrender the Virginia Property to ASC in full satisfaction of any and all Claims held by ASC

16 against the Debtor, Debtor's affiliates, or its principles.

17 **6.14** <u>Class 3N:</u> **Secured Claim of Bank of America Home Loans**

18 The Allowed amount of the Secured Claim of Bank of America Home Loans ("BofA")

19 secured by the 3rd Ave property as defined above in Class 3N shall be determined by the Court

20 pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

21 current section 506 valuation of $19,000. Nonetheless, in order to avoid a dispute over the

22 current value the Debtor proposes to treat the Allowed Secured Claim Amount as $21,500. The

23 Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

24 Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

25

1    Allowed Secured Claim Amount of $21,500 the monthly payment to the Claimant shall be in the

2    amount of ($118.21) commencing the first day of the second month after the Effective Date.

3    There would be no prepayment penalties or additional loan fees.

4         To the extent there is any indebtedness owed to BofA left unpaid by this treatment, the

5    Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6         Alternatively, if BofA elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7    have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8    a 360 month amortization without interest. The monthly payment to the Claimant shall

9    commence the first day of the second month after the Effective Date. BofA shall retain all its

10    liens and security interests in the 3rd Ave Property to the extent it holds an Allowed Secured

11    Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

12    completion of the payments called for herein.

13 

14         At any time within four years of the Effective Date, the Debtor shall have the right to

15    surrender the 3rd Ave Property to BofA in full satisfaction of any and all Claims held by BofA

16    against the Debtor, Debtor's affiliates, or its principles.

17       **6.15 Class 3O: Secured Claim of Chase Home Financial**

18         The Allowed amount of the Secured Claim of Chase Home Financial ("CHF") secured by

19    the Amelia property as defined above in Class 3O shall be determined by the Court pursuant to

20    11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current

21    section 506 valuation of $30,000. Nonetheless, in order to avoid a dispute over the current value

22    the Debtor proposes to treat the Allowed Secured Claim Amount as $32,500. The Allowed

23    Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed

24 

25    Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed

Secured Claim Amount of $32,500, the monthly payment to the Claimant shall be in the amount of ($178.68) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to CHF left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if CHF elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. CHF shall retain all its liens and security interests in the Amelia Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Amelia Property to CHF in full satisfaction of any and all Claims held by CHF against the Debtor, Debtor's affiliates, or its principles.

### 6.16 Class 3P: Secured Claim of Chase Home Financial

The Allowed amount of the Secured Claim of Chase Home Financial ("CHF") secured by the 443 Grand property as defined above in Class 3P shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $30,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $32,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed

- 28

Secured Claim Amount of $32,500, the monthly payment to the Claimant shall be in the amount of ($178.68) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to CHF left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if CHF elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. CHF shall retain all its liens and security interests in the 443 Grand Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the 443 Grand Property to CHF in full satisfaction of any and all Claims held by CHF against the Debtor, Debtor's affiliates, or its principles.

**6.17 Class 3Q:    Secured    Claim    of    Chase    Home    Financial**

The Allowed amount of the Secured Claim Chase Home Financial ("CHF") secured by the Harvard property as defined above in Class 3Q shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $24,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $26,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed

1 | Secured Claim Amount of $26,500, the monthly payment to the Claimant shall be in the amount

2 | of ($145.70) commencing the first day of the second month after the Effective Date. There

3 | would be no prepayment penalties or additional loan fees.

4 |     To the extent there is any indebtedness owed to CHF left unpaid by this treatment, the

5 | Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6 |     Alternatively, if CHF elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7 | have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8 | a 360 month amortization without interest. The monthly payment to the Claimant shall

9 | commence the first day of the second month after the Effective Date. CHF shall retain all its

10 | liens and security interests in the Harvard Property to the extent it holds an Allowed Secured

11 | Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13 | completion of the payments called for herein.

14 |     At any time within four years of the Effective Date, the Debtor shall have the right to

15 | surrender the Harvard Property to CHF in full satisfaction of any and all Claims held by CHF

16 | against the Debtor, Debtor's affiliates or its principles.

17 | **6.18 Class   3R:     Secured    Claim   of   CitiMortgage   Inc.**

18 |     The Allowed amount of the Secured Claim of CitiMortgage, Inc. ("Citi") of NH secured

19 | by the Tamarisk property as defined above in Class 3R shall be determined by the Court pursuant

20 | to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current

21 | section 506 valuation of $22,000. Nonetheless, in order to avoid a dispute over the current value

22 | the Debtor proposes to treat the Allowed Secured Claim Amount as $24,500. The Allowed

23 | Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed

25 | Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed

1   Secured Claim Amount of $24,500 the monthly payment to the Claimant shall be in the amount

2   of ($134.70) commencing the first day of the second month after the Effective Date. There

3   would be no prepayment penalties or additional loan fees.

4        To the extent there is any indebtedness owed to Citi left unpaid by this treatment, the

5   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6        Alternatively, if Citi elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8   a 360 month amortization without interest. The monthly payment to the Claimant shall

9   commence the first day of the second month after the Effective Date. Citi shall retain all its liens

10   and security interests in the Tamarisk Property to the extent it holds an Allowed Secured Claim

11   in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of

12

13   the payments called for herein.

14        At any time within four years of the Effective Date, the Debtor shall have the right to

15   surrender the Tamarisk Property to Citi in full satisfaction of any and all Claims held by Citi

16   against the Debtor or its principles.

17       **6.19 <u>Class</u> <u>3S</u>:**     **<u>Secured</u> <u>Claim</u> of <u>Everhome</u> <u>Mortgage</u> <u>Company</u>**

18        The Allowed amount of the Secured Claim of Everhome Mortgage Company ("EMC")

19   secured by the 1st Ave property as defined above in Class 3S shall be determined by the Court

20   pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

21   current section 506 valuation of $25,000. Nonetheless, in order to avoid a dispute over the

22   current value the Debtor proposes to treat the Allowed Secured Claim Amount as $26,500. The

23

24   Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

25   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

1   Allowed Secured Claim Amount of $26,500 the monthly payment to the Claimant shall be in the
2   amount of ($145.70) commencing the first day of the second month after the Effective Date.
3   There would be no prepayment penalties or additional loan fees.

4       To the extent there is any indebtedness owed to EMC left unpaid by this treatment, the
5   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6       Alternatively, if EMC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead
7   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on
8   a 360 month amortization without interest. The monthly payment to the Claimant shall
9  
10   commence the first day of the second month after the Effective Date. EMC shall retain all its
11   liens and security interests in the 1st Ave Property to the extent it holds an Allowed Secured
12   Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the
13   completion of the payments called for herein.

14       At any time within four years of the Effective Date, the Debtor shall have the right to
15   surrender the 1st Ave Property to EMC in full satisfaction of any and all Claims held by EMC
16   against the Debtor, Debtor's affiliates or its principles.

17       **6.20 Class 3T:**     **Secured**     **Claim**   **of**    **Everhome**    **Mortgage**    **Company**

18       The Allowed amount of the Secured Claim of Everhome Mortgage Company ("EMC")
19   secured by the Sheridan property as defined above in Class 3A shall be determined by the Court
20   pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a
21  
22   current section 506 valuation of $35,000. Nonetheless, in order to avoid a dispute over the
23   current value the Debtor proposes to treat the Allowed Secured Claim Amount as $37,500. The
24   Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the
25   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

1    Allowed Secured Claim Amount of $37,500 the monthly payment to the Claimant shall be in the

2    amount of ($206.17) commencing the first day of the second month after the Effective Date.

3    There would be no prepayment penalties or additional loan fees.

4        To the extent there is any indebtedness owed to EMC left unpaid by this treatment, the

5    Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

6        Alternatively, if EMC elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

7    have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

8    a 360 month amortization without interest. The monthly payment to the Claimant shall

9

10   commence the first day of the second month after the Effective Date. EMC shall retain all its

11   liens and security interests in the Sheridan Property to the extent it holds an Allowed Secured

12   Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13   completion of the payments called for herein.

14        At any time within four years of the Effective Date, the Debtor shall have the right to

15   surrender the Sheridan Property to EMC in full satisfaction of any and all Claims held by EMC

16   against the Debtor, Debtor's affiliates or its principles.

17        6.21 [Left Blank On Purpose].

18        **6.22 Class 3V:**    **Secured**    **Claim**    **of**    **National**    **City**    **Mortgage.**

19        The Allowed amount of the Secured Claim of National City Mortgage ("NCM") secured

20   by the 623 Grand property as defined above in Class 3V shall be determined by the Court

21   pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

22   current section 506 valuation of $17,000. Nonetheless, in order to avoid a dispute over the

23   current value the Debtor proposes to treat the Allowed Secured Claim Amount as $18,500. The

24   Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

25

1   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

2   Allowed Secured Claim Amount of $18,500, the monthly payment to the Claimant shall be in the

3   amount of ($101.71) commencing the first day of the second month after the Effective Date.

4   There would be no prepayment penalties or additional loan fees.

5       To the extent there is any indebtedness owed to NCM left unpaid by this treatment, the

6   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7       Alternatively, if NCM elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

8   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

9   a 360 month amortization without interest. The monthly payment to the Claimant shall

10  commence the first day of the second month after the Effective Date. NCM shall retain all its

11  liens and security interests in the 623 Grand Property to the extent it holds an Allowed Secured

12  Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13  completion of the payments called for herein.

14      At any time within four years of the Effective Date, the Debtor shall have the right to

15  surrender the 623 Grand Property to NCM in full satisfaction of any and all Claims held by

16  NCM against the Debtor, Debtor's affiliates or its principles.

17  **6.23 Class 3W:        Secured    Claim    of    National    City    Mortgage**

18      The Allowed amount of the Secured Claim of National City Mortgage ("NCM") secured

19  by the McKinley property as defined above in Class 3W shall be determined by the Court

20  pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

21  current section 506 valuation of $40,000. Nonetheless, in order to avoid a dispute over the

22  current value the Debtor proposes to treat the Allowed Secured Claim Amount as $42,500. The

23  Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

1   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

2   Allowed Secured Claim Amount of $42,500, the monthly payment to the Claimant shall be in the

3   amount of ($233.66) commencing the first day of the second month after the Effective Date.

4   There would be no prepayment penalties or additional loan fees.

5       To the extent there is any indebtedness owed to NCM left unpaid by this treatment, the

6   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7       Alternatively, if NCM elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

8   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

9   a 360 month amortization without interest. The monthly payment to the Claimant shall

10

11  commence the first day of the second month after the Effective Date. NCM shall retain all its

12  liens and security interests in the McKinley Property to the extent it holds an Allowed Secured

13  Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

14  completion of the payments called for herein.

15      At any time within four years of the Effective Date, the Debtor shall have the right to

16  surrender the McKinley Property to NCM in full satisfaction of any and all Claims held by NCM

17  against the Debtor or its principles.

18      **6.24 Class 3X:        Secured   Claim   of   National   City   Mortgage.**

19      The Allowed amount of the Secured Claim of National City Mortgage ("NCM") secured

20  by the Portland property as defined above in Class 3X shall be determined by the Court pursuant

21  to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current

22  section 506 valuation of $20,000. Nonetheless, in order to avoid a dispute over the current value

23

24  the Debtor proposes to treat the Allowed Secured Claim Amount as $22,500. The Allowed

25  Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed

Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed Secured Claim Amount of $22,500, the monthly payment to the Claimant shall be in the amount of ($123.70) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to NCM left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if NCM elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. NCM shall retain all its liens and security interests in the Portland Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Portland Property to NCM in full satisfaction of any and all Claims held by NCM against the Debtor, Debtor's affiliates or its principles.

**6.25 Class 3Y: Secured Claim of Ocwen Loan Servicing, LLC.**

The Allowed amount of the Secured Claim of Ocwen Loan Servicing, LLC ("Ocwen") secured by the 40th Ave property as defined above in Class 3Y shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $34,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $36,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

1   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

2   Allowed Secured Claim Amount of $36,500, the monthly payment to the Claimant shall be in the

3   amount of ($200.68) commencing the first day of the second month after the Effective Date.

4   There would be no prepayment penalties or additional loan fees.

5       To the extent there is any indebtedness owed to Ocwen left unpaid by this treatment, the

6   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7       Alternatively, if Ocwen elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

8   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

9   a 360 month amortization without interest. The monthly payment to the Claimant shall

10  commence the first day of the second month after the Effective Date. Ocwen shall retain all its

11  liens and security interests in the 40th Ave Property to the extent it holds an Allowed Secured

12  Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13  completion of the payments called for herein.

14      At any time within four years of the Effective Date, the Debtor shall have the right to

15  surrender the 40th Ave Property to Ocwen in full satisfaction of any and all Claims held by

16  Ocwen against the Debtor, Debtor affiliates or its principles.

18      **6.26 Class 3Z: Secured Claim of Ocwen Loan Servicing, L.L.C.**

19      The Allowed amount of the Secured Claim Ocwen Loan Servicing, LLC ("Ocwen") of

20  NH secured by the Cambridge property as defined above in Class 3Z shall be determined by the

21  Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property

22  establishes a current section 506 valuation of $26,000. Nonetheless, in order to avoid a dispute

23  over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as

24  $28,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month

1 amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For
2 example, based on an Allowed Secured Claim Amount of $28,500, the monthly payment to the
3 Claimant shall be in the amount of ($156.69) commencing the first day of the second month after
4 the Effective Date. There would be no prepayment penalties or additional loan fees.

5 To the extent there is any indebtedness owed to Ocwen left unpaid by this treatment, the
6 Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7 Alternatively, if Ocwen elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead
8 have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on
9 a 360 month amortization without interest. The monthly payment to the Claimant shall
10 commence the first day of the second month after the Effective Date. Ocwen shall retain all its
11 liens and security interests in the Cambridge Property to the extent it holds an Allowed Secured
12 Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the
13 completion of the payments called for herein.

14

15 At any time within four years of the Effective Date, the Debtor shall have the right to
16 surrender the Cambridge Property to Ocwen in full satisfaction of any and all Ocwen held by NH
17 against the Debtor, Debtor's affiliates or its principles.

18 **6.27 Class 3AA: Secured Claim of Ocwen Loan Servicing, LLC.**

19 The Allowed amount of the Secured Claim of Ocwen Loan Servicing, LLC ("Ocwen")
20 secured by the Longview property as defined above in Class 3AA shall be determined by the
21 Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property
22 establishes a current section 506 valuation of $35,000. Nonetheless, in order to avoid a dispute
23 over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as
24 $37,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month
25

amortization of the Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an Allowed Secured Claim Amount of $37,500, the monthly payment to the Claimant shall be in the amount of ($206.17) commencing the first day of the second month after the Effective Date. There would be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to Ocwen left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if Ocwen elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. Ocwen shall retain all its liens and security interests in the Longview Property to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the completion of the payments called for herein.

At any time within four years of the Effective Date, the Debtor shall have the right to surrender the Longview Property to Ocwen in full satisfaction of any and all Claims held by Ocwen against the Debtor, Debtor's affiliates or its principles.

**6.28 Class 3BB: Secured Claim of Washington Mutual Bank**

The Allowed amount of the Secured Claim of Washington Mutual Bank ("WMB") secured by the 20th St property as defined above in Class 3BB shall be determined by the Court pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a current section 506 valuation of $20,000. Nonetheless, in order to avoid a dispute over the current value the Debtor proposes to treat the Allowed Secured Claim Amount as $22,500. The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

1    Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

2    Allowed Secured Claim Amount of $22,500, the monthly payment to the Claimant shall be in the

3    amount of ($123.70) commencing the first day of the second month after the Effective Date.

4    There would be no prepayment penalties or additional loan fees.

5    To the extent there is any indebtedness owed to WMB left unpaid by this treatment, the

6    Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7    Alternatively, if WMB elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

8    have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

9

10    a 360 month amortization without interest. The monthly payment to the Claimant shall

11    commence the first day of the second month after the Effective Date. WMB shall retain all its

12    liens and security interests in the 20th St Property to the extent it holds an Allowed Secured

13    Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

14    completion of the payments called for herein.

15    At any time within four years of the Effective Date, the Debtor shall have the right to

16    surrender the 20th St Property to WMB in full satisfaction of any and all Claims held by WMB

17    against the Debtor, Debtor's affiliates, or its principles.

18    **6.29 Class 3CC:**    **Secured**    **Claim**    **of**    **Washington**    **Mutual**    **Bank**

19    The Allowed amount of the Secured Claim of Washington Mutual Bank ("WMB")

20    secured by the Allred property as defined above in Class 3CC shall be determined by the Court

21    pursuant to 11 U.S.C. section 506. The Debtor's updated valuation of the property establishes a

22

23    current section 506 valuation of $130,000. Nonetheless, in order to avoid a dispute over the

24    current value the Debtor proposes to treat the Allowed Secured Claim Amount as $131,500. The

25    Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the

1   Allowed Secured Claim Amount at Fixed 5.25% per annum interest. For example, based on an

2   Allowed Secured Claim Amount of $131,500 the monthly payment to the Claimant shall be in

3   the amount of ($722.98) commencing the first day of the second month after the Effective Date.

4   There would be no prepayment penalties or additional loan fees.

5          To the extent there is any indebtedness owed to WMB left unpaid by this treatment, the

6   Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

7          Alternatively, if WMB elects pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to, instead

8   have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on

9   a 360 month amortization without interest. The monthly payment to the Claimant shall

10  commence the first day of the second month after the Effective Date. WMB shall retain all its

11  liens and security interests in the Allred Property to the extent it holds an Allowed Secured

12  Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until the

13  completion of the payments called for herein.

14

15         At any time within four years of the Effective Date, the Debtor shall have the right to

16  surrender the Allred Property to WMB in full satisfaction of any and all Claims held by WMB

17  against the Debtor, Debtor's affiliates or its principles.

18         **6.30 Class 3DD:          Secured   Claim   of   Maricopa   County   Treasurer.**

19         The Allowed amount of the Secured Claim of the Maricopa County Treasurer ("Maricopa

20  County") secured by the real property defined above in Class 3DD. Maricopa County shall be

21  paid in 5 annual installments commencing one year after the day the Debtor's Chapter 11

22  Bankruptcy Case was commenced. Maricopa County shall retain all its liens and security

23  interests in the subject real property of the Debtor to the extent it holds an Allowed Secured

24  Claim until the completion of the payments called for herein. Maricopa County's Allowed

25

1  Secured Claim shall be paid in five even annual installments commencing one year after the
2  Effective Date and this Allowed Secured Claim shall accrue interest at the statutory rate
3  prescribed by Arizona law.

4    **6.31    Additional Treatment Applicable To Secured Classes 3A through 3DD.**

5          This section is applicable to all Secured Classes 3A through 3DD described above except
6  for Class 3U. No due on sale clause or pre payment penalty shall apply or be enforceable.
7  Regardless of any sale however, Secured Classes 3A through 3DD except Class 3U retain all
8  their liens and security interests in the applicable property to the extent they hold an Allowed
9  Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. section 506 until
10  the completion of the payments called for herein.

12          Furthermore, all Secured Classes 3A through 3DD except for Class 3U shall send to the
13  Reorganized Debtor a mortgage statement every 30 days prior to the date of each payment called
14  for by the Plan that includes all necessary contact and payment information including but not
15  exhausted by the Creditor's mailing address for payments, account number assigned by the
16  Creditor, and the monthly payment amount including any additional sums being impounded such
17  as for real property taxes or insurance.

18    **6.32    Class 4: Claims of Unsecured Deficiency Creditors.** The Allowed Claims of the
19  Class 4 Claims of Unsecured Deficiency Creditors will be treated identically as Class 5 General
20  Unsecured Creditors.

22    **6.33    Class 5: Claims of General Unsecured Creditors.** The Allowed Claims of the
23  General Insider Unsecured Creditors shall be treated as follows:

24          90 days after the Effective Date, all the Allowed Unsecured Creditors (Classes 4 and 5) shall
25  be paid on a pro rata basis with all other Allowed Unsecured Creditors (Classes 4 and 5) shall be

paid $75,000 from the proceeds of the Cash Pool. To the extent any distributions are withheld 90 days after the Effective Date on account of pending Claims Allowance litigation, said distributions shall be made to the applicable Creditor(s) upon the completion of said Claims Allowance litigation.

6.34    **Class 7: Interests Of Equity Security Holders.** The Allowed Equity Security Interests of the Equity Security Holders in the Debtor shall be retained and continue in the Reorganized Debtor.

6.35    **Treatment Applying To All Classes; Release Of Claims By The Debtor Against Creditors And Their Affiliates.** To the extent the Debtor loses tenants as a result of actions taken by lenders or lenders affiliates, including contacting tenants and demanding that the tenants move out immediately, actions these action post-petition may have been in violation of the automatic stay and constitute tortuous interference with contract (which would apply both pre and post-petition) for which the Debtor could sue the offending lender/Creditor.    Any claims held by the Debtor against such a Creditor or the Creditor's affiliates arising prior to the filing of this Plan shall be released upon the Effective Date of the Plan as to those classes that voted for the Plan.

## ARTICLE VII

## IMPLEMENTATION OF THE PLAN

7.01    **Procedure To Implement The Plan.** On the date of Plan Confirmation, or prior to where applicable, the following events shall occur:

The Debtor shall:

    a.    Determine the amounts of all allowed Class claims.

-43

b. Execute any documents necessary to implement Plan.

c. Debtors shall file with the Court post-confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case. The Debtors shall pay any post-confirmation quarterly fees as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case.

d. Appoint a Disbursing Agent.

e. The Debtor shall assemble the Cash Pool which shall include a $75,000 contribution from the member(s) of the Debtor. The Cash Pool shall be disbursed by the Disbursing Agent to Allowed Unsecured Creditors in amount of no less than $75,000.

f. In addition to the Cash Pool, the Debtor shall also establish a Reserve Capital Account in the amount of $20,000 from contribution(s) from the member(s) of the Debtor. The Reserve Capital Account shall be used to cover any cash flow shortfalls by the Debtor going forward.

g. The Debtor shall going forward, as needed to comply with the distribution requirements of the Plan, assemble the Cash Pool from the member(s), to be disbursed by the Disbursing Agent to Allowed Unsecured Creditors pursuant to the terms of the Plan.

1     **7.02**   **The Reorganized Debtor Shall Serve As The Disbursing Agent**.  The Debtor

2  shall become the Disbursing Agent on the day after the Effective Date to serve as Disbursing Agent

3  for all payments to be made to the Classes under the Plan.

4           **a.**   **Duties of The Disbursing Agent**.   The Disbursing Agent shall receive,

5  disburse and account to the Court, the Creditors, Equity Security Holders and other parties in

6  interest for the assets, and shall be responsible for reviewing and approving all claims (all disputes

7  to be resolved by the Court), keep adequate records of all transactions, receipts and disbursements,

8  communicating with, and advising all Creditors, Debtors and other parties in interest as needed, and

9  such other duties as may be consistent with the responsibilities of a Disbursing Agent.

10

11       Additionally, the Disbursing Agent shall be responsible at its discretion for liquidating any

12  estate assets including but not exhausted by bringing actions against third parties on behalf of the

13  Debtors. The Disbursing Agent shall also have the right to object to the allowance of any Claim on

14  behalf of the Debtors. These actions may necessitate use of legal services and incurring legal

15  expenses.

16       The Disbursing Agent on behalf of the Reorganized Debtors shall file with the Court post-

17  confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as

18  required by the United States Trustee Operating Guidelines and Reporting Requirements for

19  Chapter 11 Cases until a final decree is obtained in this case. The Disbursing Agent on behalf of

20  the Reorganized Debtors shall pay any post-confirmation quarterly fees as required by the United

21  States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a

22  final decree is obtained in this case. The Disbursing Agent shall acknowledge and assume these

23  duties, and all other obligations of Disbursing Agent set forth herein, by its execution of an

24

25

1   acceptance on the notice of the appointment of the Disbursing Agent to be filed with Court pursuant
2   to Section 7.02 of the Plan.

3           **b.      Termination of Disbursing Agents' Duties:**    The final distribution of
4   payments pursuant to the terms of the Plan set forth herein shall discharge the Disbursing Agent.
5

6           **c.      Compensation of Disbursing Agent.**    The Disbursing Agent shall not
7   receive any compensation other than the reimbursement of any actual out of pocket costs incurred
8   by the Disbursing Agent in performing the duties authorized by this Plan which may include legal
9   fees and expenses.
10

11          **7.03    Effectuating Documents.**  On or before the Effective Date, the Reorganized Debtor
12  shall file with the Bankruptcy Court such agreements, indentures, instruments and other documents
13  as may be necessary or appropriate to effectuate and further evidence the terms and conditions of
14  this Plan.

15          **7.04    Property Vests In The Reorganized Debtor** .  All Property, assets and rights of the
16  estate of the Debtor shall vest in the Reorganized Debtor, free and clear of all liens, Claims and
17  encumbrances of any kind whatsoever unless expressly provided for under this Plan.    The
18  Reorganized Debtor shall be able to manage their affairs, subject only to the limitations set forth in
19  this Plan, without the requirement of further orders from the Bankruptcy Court.
20

21          **7.05    Minimum Distributions.**  The distributions to holders of Claims pursuant to the
    Plan are minimum distributions only, and the Reorganized Debtor shall have the right and
22
    discretion, at all times, to make full or partial prepayments without penalty to holders of Claims.
23

24          **7.06    Unclaimed Monies.**  All distribution of money under the Plan which are returned by
25  the Post Office undelivered or which cannot be delivered due to lack of a current address will be

1  retained by the Disbursing Agent, in trust, in a federally insured bank for the distributee; after the

2  expiration of six months from the date of the first attempted distribution, the unclaimed monies,

3  stock, and all future distributions will be redistributed pro rata to the other distributees, free of any

4  Claim by the distributee.

5      7.07    **Void Nature Of Any Post-Petition Trustee's Sales Or Foreclosures**. Any

6  trustee's sales or other forms of foreclosure of the Debtor's real property undertaken after the

7  Petition Date in violation of the 11 U.S.C. section 362 are hereby deemed void. Any Creditor,

8  Creditor's affiliate or agent, or other party, who purported to undertake such a trustee's sale or

9

10 foreclosure of the Debtor's real property shall use best efforts to correct and document the void

11 nature of their act(s) and document and correct any public record of such a void trustee's sale or

12 foreclosure. The remedy for enforcing this provision expressly includes, but is not exhausted by,

13 that of specific performance and injunction without the need for a bond by the Debtor.

14     7.08    **Binding To Debtor And Creditors**. Upon the entry of the Confirmation Order, this

15 Plan shall bind the Debtor now known as the Reorganized Debtor, Equity Security Holders of the

16 Debtor, any entity acquiring or being distributed any property under this Plan, any Creditor, whether

17 or not their Claims and interests are impaired under this Plan and whether or not they have accepted

18 this Plan.

19

20                          **ARTICLE VIII**

21                  **CONDITIONS OF CONFIRMATION**

22

23     8.01    **Conditions To Confirmation Of The Plan**. It shall be a condition precedent to the

24 Confirmation of this Plan that the Final Order provide for:

25

          (a)    Confirmation of this Plan;

（b）    To supplement the injunctive provisions of § 524 of the Bankruptcy Code, except as provided in this Plan or the Confirmation Order, as of the Confirmation Date, all persons or entities and governmental units shall be stayed, restrained and enjoined from taking any of the following actions on account of any such discharge Claims, debts or liabilities: (i) commencing or continuing in any manner any action or other proceeding against the Reorganized Debtor, or its property; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting or recovering in any manner any judgment, award, decree or order against the Reorganized Debtor, or its property; (iii) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance against the Reorganized Debtor, or any of its property, or any direct or indirect transferee of any property of, or any direct or indirect successor in interest to, or any property of such transferee or successor; (iv) setting-off, seeking reimbursement of, contribution from, subrogation against or otherwise recouping in any manner directly or indirectly, any amount owed to the Reorganized Debtor, or any direct or indirect transferee of any property of, or any successor in interest to the Reorganized Debtor, commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Plan.

Pursuant to the Plan, the Debtor (the **"Released Party"**) shall not have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns for any act or omission in connection with, relating to or arising out of the Chapter 11 case, any settlement related to the Chapter 11 case, the negotiation and execution of a proposed Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Estate or of the Plan, issuance and distribution of any securities issued or to be issued pursuant to the Plan, or the property to be

distributed under the Plan, except only to the extent that liability is based on willful misconduct. The Released Party shall be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under the Plan, or in the context of the Bankruptcy Case.

(c)     Acceptance or rejection of this Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and no Person conducting or participating in solicitation, including Debtors, shall be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation government solicitation of acceptance or rejection of a plan of reorganization.

## ARTICLE IX

### GENERAL PROCEDURES FOR OBJECTING TO CLAIMS AND RESOLVING AND TREATING CONTESTED AND CONTINGENT CLAIMS

**9.01 Claim Objection Deadline.** Unless another date is established by the Bankruptcy Court, all objections to Claims shall be filed with the Clerk of the Bankruptcy Court and served on the holders of such Claims (unless earlier filed) by the later of ninety (90) days after the Effective Date or the date that is ninety (90) days after a particular proof of Claim (or a request for payment in the case of Administrative Claim) has been filed. If an objection has not been filed to a Claim by the deadlines established herein, the Claim shall be treated as an Allowed Claim; provided, however, that no objection shall be required if a Claim was not listed on the Schedules or was listed on the Schedules as disputed, contingent or unliquidated, or was not evidenced by a timely filed proof of Claim. No such unlisted, disputed, contingent, unliquidated or unfiled Claim shall be treated as an Allowed Claim, except pursuant to a Final Order so providing. The objection

1  deadlines established herein shall not apply to Claims and causes of action that must be asserted
2  through an adversary proceeding.

3      **9.02  Preservation Of Objections To Claims.**  Except as otherwise provided in this Plan or
4  in the Confirmation Order or other Final Order, no compromise, waiver or release of Claims,
5  demands or causes of action, that may be provided for in this Plan or in any Final Order of the Court
6  shall, in any way, limit or impair the right of the Reorganized Debtor to prosecute objections to
7  Claims, and the Reorganized Debtor hereby retain all objections to the allowability of a Claim and
8  all defenses associated with such objections.
9
10     **9.03  No Distributions Pending Resolution Of Objections.**  Notwithstanding any other
11  provision of this Plan, no distributions shall be made with respect to a contested Claim (or any
12  contested portion of a Claim, if such Claim is not severable) by the Reorganized Debtor unless and
13  until all objections to such contested Claim have been determined by Final Order.

14     **9.04  Interest On Contested Claims And Contingent Claims.**  No interest shall accrue on
15  a contested Claim during the period from the Effective Date until the date on which the Claim is
16  allowed, if ever, and no interest shall accrue on a contingent Claim during the period from the
17  Effective Date until the date on which the Claim becomes fixed and absolute or is otherwise
18  allowed, if ever; provided that a contested Claim or a contingent Claim that is specifically entitled to
19  post-confirmation interest by the terms of this Plan, and that is ultimately allowed, shall accrue post-
20  confirmation interest from the Effective Date.
21
22     **9.05  Treatment Of Contingent Claims.**  Until such time as a contingent Claim or a
23  contingent portion of an Allowed Claim becomes fixed and absolute or is disallowed, such Claim
24  shall be treated as a contested Claim for all purposes related to the distributions under this Plan;
25

provided, however, that the distribution entitlements shall arise only from the date on which a contingent Claim becomes fixed and absolute or is otherwise allowed.

**9.06 Disallowance Of Post-Petition Additions**. The Reorganized Debtor shall not be required to make specific objection to proofs of Claim that allege a right to recover post-petition interest, penalties, fees, and other accruals with respect to pre-petition Claims (except Secured Claims entitled to such accruals pursuant to § 506(b) of the Bankruptcy Code), and any Claim amounts attributable to such post-petition interest, penalties, fees and other accruals shall be disallowed in full upon entry of the Confirmation Order.

**9.07 Settlement Of Disputed Claims**. The Reorganized Debtors shall be authorized to settle, without Court approval, any disputed Claims with a settlement amount that does not exceed five thousand dollars ($5,000).

**9.08 Preservation Of Debtor's Claims, Demands And Causes Of Action**. All claims, demands and causes of action held by, through or on behalf of the Debtors, against any other person or entity, are hereby preserved in full, unless otherwise provided by this Plan; and no provision of this Plan shall impair the rights of the Reorganized Debtor with respect to any of such claims, demands and causes of action to prosecute and defend against any such preserved claims, demands and causes of action.

# ARTICLE X

## GENERAL PROVISIONS

**10.01 Post-Confirmation Operating Of The Automatic Stay**. Any lawsuits pending in any court (other than the Bankruptcy Court) that seek to establish Debtors' liability on pre-petition Claims and that are stayed pursuant to § 362 of the Bankruptcy Code, shall be dismissed as of the

- 51 -

1    Effective Date unless the Reorganized Debtor elect to have their liability determined by such other
2    courts. Any pending motions to lift or vacate the automatic stay shall be deemed denied as of the
3    Effective Date and the stay shall remain in effect. Any such pre-petition Claims shall be determined
4    as provided in this Plan.

5        **10.02    <u>Prohibition Against Discriminating Treatment Against The Reorganized</u>**
6    **<u>Debtor</u>.** No individual, entity or government may discriminate against the Reorganized Debtor
7    solely because of the commencement, continuation or termination of this Chapter 11 proceeding, or
8    because of any provision of this Plan, or the legal effect of this Plan, and the Confirmation Order
9    shall constitute an express injunction against such discriminating treatment.
10

11        **10.03    <u>Compliance With Tax Requirements</u>.** In connection with this Plan, the
12    Reorganized Debtor shall comply with all withholding and reporting requirements imposed by
13    federal, state and local taxing authorities.

14        **10.04    <u>Insurance</u>.** The Reorganized Debtor shall use its best efforts to maintain insurance
15    on any non-exempt pre-petition property they retain pending completion of distributions to
16    Creditors.

17        **10.05    <u>Termination Of Adequate Protection Payments</u>.** Upon the entry of a
18    Confirmation Order by the Court, any and all payments to Secured Creditors for adequate protection
19    shall be terminated.
20

21        **10.06    <u>No Additional Charges</u>.** Except as expressly stated in this Plan, or as allowed by
22    Court order, no interest, penalty, late charge or additional charges (such as attorneys' fees) shall be
23    allowed on any Claim subsequent to the Filing Date.

24        **10.07    <u>Deficiency Claims</u>.** Unsecured Creditors whose Claims arise out of a deficiency
25    resulting from the abandonment of Collateral to a previously Secured Creditor or resulting from

orders granting relief from the provisions of § 362 of the Bankruptcy Code, must file their Claims within thirty (30) days after Confirmation of this Plan unless the Court enters an Order making an 11 U.S.C. section 506 determination of secured status as to the subject Unsecured Creditor prior to Confirmation in which case said Unsecured Creditor must filed its Claim within thirty (30) days after the entry of said Order.

10.08 **Barring Of Claims**. The entry of the Confirmation Order shall permanently bar the filing and asserting of any Claims against the Debtors which arose or relate to the period of time prior to the Confirmation Date, which were listed by the Debtors in its Schedules and Statement Of Financial Affairs (as amended) filed with the Court or were not evidenced by timely and proper proofs of Claim filed with the Court.

10.09 **Amount Of Claims**. All references to Claims and amount of the Claims refer to the amount of the Claims as allowed by the Court. The Debtors reserve the right, both before and within sixty days after the Effective Date, to object to Claims so as to have the Court determine the amount allowed to be paid under this Plan.

10.10 **Remedies To Cure Defects**. After Confirmation, the Reorganized Debtor may, with the approval of the Court, and so long as it does not materially and/or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan, or in the Confirmation of this Plan, in such a manner as may be necessary to carry out the purposes and the intent of this Plan.

10.11 **Retention Of Jurisdiction**. After the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 cases for the following purpose:

    (a)    To determine any and all objections to the allowance of Claims;

(b) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

(c) To determine any applications for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(d) To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date;

(e) To consider any modifications of this Plan, remedy and defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(f) To determine any and all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any person's or entity's obligations thereunder;

(g) To determine all controversies, suits and disputes arising as a result of a demand by any utility for a deposit or other form of security as a condition to providing post-confirmation utility services to the Debtor;

(h) To determine all controversies, suits and disputes of this Plan as a result of discriminatory treatment of the Debtor;

- 54

(i)     To hear and determine any Claim or cause of action by or against the Debtor, and to consider and act on the compromise and settlement of any Claim or cause of action by or against the Debtor;

(j)     To issue such orders in aid of execution of this Plan, as are authorized by § 1142 of the Bankruptcy Code; and

(k)     To determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with this Plan or the Confirmation Order.

10.12  **Modification Of Plan**. Modifications of this Plan may be proposed in writing by Debtor at any time before Confirmation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code, and Debtor shall have complied with § 1125 of the Bankruptcy Code. This Plan may be modified at any time after Confirmation and before its substantial consummation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and hearing, confirms this Plan, as modified, under § 1129 of the Bankruptcy Code, and the circumstances warrant such modification. A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

10.13  **Severability**. Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law,

1 | Debtor may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending
2 | provision.

3 | 10.14 **Revocation Of Plan**. Debtor reserves the right to revoke and/or withdraw this Plan
4 | prior to entry of the Confirmation Order. If the Debtor revokes and/or withdraws this Plan, or if
5 | Confirmation of this Plan does not occur, then this Plan shall be deemed null and void and nothing
6 | contained herein shall be deemed to constitute a waiver or release of any Claims by or against the
7 | Debtor or any other person or entity or to prejudice in any manner the rights of the Debtor or any
8 | person or entity in any further proceeding involving the Debtor.
9 |

### ARTICLE XI

10 |
### DISCHARGE OF DEBTOR
11 |

12 | 11.01 **Discharge Of The Debtor** . Except as otherwise provided in this Plan or in the
13 | Confirmation Order, the rights afforded under this Plan and the treatment of Claims under this Plan
14 | shall be in exchange for and in complete satisfaction, discharge and release of all Claims including
15 | any interest or Claims from the petition date. Confirmation of this Plan shall discharge the Debtor
16 | from all Claims or other debts, liabilities or obligations of any kind or nature, that arose, in whole or
17 | part, before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of
18 | the Bankruptcy Code, whether or not a proof of Claim based on such debt is timely filed or deemed
19 | filed pursuant to § 501 of the Bankruptcy Code, a Claim based on such debt is allowed pursuant to
20 | § 502 of the Bankruptcy Code, or the holder of a Claim based on such debt has accepted this Plan.
21 |

22 | 11.02 **Effect Of Discharge On Other Entities**. Pursuant to § 524(e) of the Bankruptcy
23 | Code, except as otherwise provided in this Plan, the discharge of a debt of the Debtors, pursuant to
24 | this Plan, shall not affect the liability of any other entity on, or the Property of any other entity for,
25 | such debt.

**11.03 Modification Of Plan Due To Default**. If any Creditor holding an Allowed Claim seeks such an Order, the Debtor may seek modification of the Plan prior to entry of the Order based upon good cause for the default and reasonableness of the modification.

## ARTICLE XII

### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**12.01 Description of Executory Contracts**. The Debtor has no executory contracts in the capacity as a lessee. The Debtor does rent its residential real properties to tenants in a capacity as a lessor. Attached hereto as Exhibit 1 is a current list of these executory contracts. Additional terms of these leases are set forth in the Debtor's Schedule G. The Debtor shall assume these executory contracts listed therein.

**12.02 Rejected If Not Assumed**. Except for month to month contracts, all contracts and leases of Debtor that constitute executory contracts or unexpired leases as of the date of filing the Chapter 11 petition for relief shall be rejected as of the Effective Date, except for the leases set forth or described in Section 12.01.

**12.03 Disputes As To Executory/Unexpired Status**. Notwithstanding § 12.02 above, if on the Effective Date there is a pending dispute as to whether a contract is executory or a lease is unexpired, Debtor's right to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.

**12.04 Expired Contracts Or Leases**. Any contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by Final Order prior to the Effective Date, is hereby specifically rejected.

**12.05  Bar To Rejection Damages.** If the rejection or an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors as follows: (a) if the Claim arises from the rejection of an executory contract or unexpired lease by operation of any provision of this Plan, thirty (30) days after the date of service of notice of the Effective Date; (b) if the Claim arises from the rejection of an executory contract or unexpired lease pursuant to a Final Order of the Bankruptcy Court (other than the Confirmation Order) authorizing rejection of such contract or lease, thirty (30) days after service of notice of the entry of such Final Order; or (c) if the Claim arises from the rejection of an executory contract or unexpired lease that is rejected after withdrawal of the assumption thereof, thirty (30) days after service of notice of the assumption withdrawal. The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.

**12.06  Cure Of Defaults Upon Assumption.** Upon the assumption of any executory contract or unexpired lease (including an executory contract or unexpired lease deemed to be such by assumption herein) including, without limitation, defaults by the Debtor specified in § 365(b)(10) of the Bankruptcy Code and any defaults by the Debtor specified in § 365(b)(2) of the Bankruptcy Code, shall be deemed cured except to the extent written demand for the cure of or demonstration of ability to cure any default has been filed with the Bankruptcy Court and served upon Debtor by the non-Debtor party to such executory contract or unexpired lease within thirty (30) days after the date of service of notice of the Effective Date. In the absence of a timely demand in accordance with the

1   foregoing, Debtor's obligation to cure or demonstrate the ability to cure shall be deemed waived,

2   released and discharged. If any non-Debtor party to such executory contract or unexpired lease

3   timely serves and files such written demand, and Debtor files an objection in writing to such

4   demand within thirty (30) days thereafter, the Bankruptcy Court shall, by the issuance of a Final

5   Order, determine the amount actually due and owing in respect of such demand or shall approve the

6   settlement of such demand. Debtor shall have thirty (30) days thereafter in which to effect such

7   cure or withdraw ab initio their assumption of such executory contract or unexpired lease

8   whereupon such executory contract or unexpired lease shall be deemed to have been rejected as of

9   the date of the Chapter 11 petition for relief.

10

11          12.07  **Treatment of Claims Arising From Assumption Or Rejection**. All Allowed

12   Claims arising from the assumption of an executory contract or unexpired lease shall be treated as a

13   General Unsecured Claim unless otherwise ordered by Final Order of the Bankruptcy Court. No

14   such Claims are anticipated in this case. In the event no General Unsecured Class exists, but one is

15   needed, the Debtor will create one with a modification.

16          DATED this 15th day of March, 2010.

17                                                              /s/ Mark J. Giunta SBN 015079
                                                                Mark J. Giunta
18                                                              Law Office of Mark J. Giunta
                                                                845 North Third Ave.
19                                                              Phoenix, Arizona 85003-
                                                                1408
20

21

22                                    Approved by Debtors:

23

24

25                                    /s/ Donald Park
                                      in his capacity as authorized representative of

1    Park Holdings, LLC, the controlling member of the
     Debtor.
2

3
     A COPY of the foregoing was electronically filed with the
4    Clerk of the U.S. Bankruptcy Court
     This 15ᵗʰ day of March, 2010.
5

6    Copy of the foregoing mailed/faxed/emailed
     This 15th day of March, 2010 to:

7
     Barbara Lee Caldwell * blc@ashrlaw.com
8    4742 North 24ₜₕ Street, Suite 100
     Phoenix, Arizona 85016-4859
9    Counsel for Maricopa County

10   Eugene F. O'Connor
     Folks & O'Connor PLLC
11   1850 N. Central Ave Suite 1140
     Phoenix, AZ 85004
12   Email: oconnor@folsoconnor.com

13
     Mark S. Bosco
14   Tiffany & Bosco P.A.
     2525 EAST CAMELBACK ROAD
15   SUITE 300
     PHOENIX, ARIZONA 85016
16   Email: ecf@tblaw.com

17   Brice, Vander Linden & Wernick, P.C.
     American Home Mortgage Servicing, Inc
18   1525 S. Beltline Road, Suite 100 N
19   Coppell, Texas 75019

20   Kevin Hahn, #024277
     MALCOLM CISNEROS, A Law Corporation
21   2112 Business Center Drive
     Second Floor
22   Irvine, California 92612
     Email: kevin@mclaw.org
23

24   Matthew A. Silverman
     Jessica R. Kenney
25   McCarthy    Holthus    Levine
     3636 North Central Avenue
     Suite 1050

                                    - 60

1 | Phoenix, AZ 85012
(602) 230-8726
2 | Email: matthew.silverman@azbar.org

3 | U.S. Trustee's Office
230 N. First Ave., Ste. 204
4 | Phoenix, AZ 85003-1706

5 | Kesha M. Jennings

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## APPENDIX A

## DEFINITIONS

**Defined Terms.** For purposes of this Plan, the capitalized terms used in this Plan shall have the meanings as set forth below:

1.01 **Administrative Claims/Expenses.** Claims and expenses which are allowed pursuant to § 503(b) of the Bankruptcy Code and which are entitled to priority pursuant to § 507(a)(1) of the Bankruptcy Code.

1.02 **Affiliate.** This term includes any entity (including persons) that directly or indirectly own, control, or hold with power to vote, 20 percent or more of the outstanding voting securities of the debtor. Park Holdings, LLC, Donald W. Park and Michelle M. Park Living Trust U/T/A dated August 17, 2001, and Donald W. Park and Michelle M Park are all Affiliates of Missouri Realty, LLC, the Debtor in this Bankruptcy Case.

1.03 **Allowed Claim.** A Claim (a) with respect to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by the Federal Rules Of Bankruptcy Procedure, Rule 3003, or (b) scheduled in the list of Creditors prepared and filed with the Court pursuant to Federal Rules Of Bankruptcy Procedure, Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation fixed by Federal Rules Of Bankruptcy Procedure, Rule 3007, the Plan, an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise provided hereafter in the Plan.

1.04 **Allowed Secured Claim.** This term refers to and means a Claim that is both an Allowed Claim and a Secured Claim.

1.05 **Allowed Unsecured Claim.** This term refers to and means a Claim that is both an Allowed Claim and an Unsecured Claim.

1.06 **Ballot.** This term refers to and means the ballot for accepting or rejecting the Plan which will be distributed to holders of Claims in Classes that are impaired under this Plan and are entitled to vote on this Plan.

1.07 **Bankruptcy Code**. The Bankruptcy Code is the Bankruptcy Reform Act Of 1978, sometimes referred to as the Bankruptcy Code Of 1978, as contained in Title 11 U.S.C.A. § 101, et seq., and all amendments thereto.

1.08 **Bankruptcy Court or Court**. This term refers to and means the United States Bankruptcy Court for the District of Arizona, Phoenix Division, or any other court that exercises jurisdiction over all or part of the Bankruptcy Cases, including the United States District Court for the District of Arizona to the extent that the reference of all or part of the Bankruptcy Cases is withdrawn.

1.09 **Bankruptcy Rules**. This term refers to and means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the local rules of Court, as applicable during the term of the Bankruptcy Cases.

1.10 **Bankruptcy Case**. This term refers to and means the above-captioned Chapter 11 case filed by Missouri Realty, LLC.

1.11 **Bar Date**. The last day the Court will allow a Proof of Claim to be filed in this bankruptcy proceeding. The Bar Date is usually the date set for the hearing on approval of the Disclosure Statement and notice of the Bar Date will accompany the notice setting the hearing on approval of the Disclosure Statement, unless another deadline has been set by the Court.

1.12 **Business Day**. This term refers to and means every day except Saturdays, Sundays, and holidays observed by the Bankruptcy Court.

1.13 **Cash Collateral** Cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in § 552(b) of the Bankruptcy Code, whether existing before or after the commencement of a case under Title 11 of the Bankruptcy Code.

1.14 **Chapter 11**. Chapter 11 of the Bankruptcy Code. Reference to section numbers are references to sections in the Bankruptcy Code 11 U.S.C. § 101, et seq., Public Law 95-598, effective October 1, 1979, as amended, unless otherwise specified.

1.15 **Claim**. A right to (1) payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

equitable, secured or unsecured; or (2) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.16 **Class**. One or more creditors grouped together as defined herein. The Plan is intended to deal with all Claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to § 502(a) of the Bankruptcy Code. However, only those Claims allowed pursuant to § 502(a) of the Bankruptcy Code will receive payment under the Plan.

1.17 **Collateral**. Property which is pledged as security for the satisfaction of a debt. Collateral is additional security for performance of principal obligation, or that which is by the side, and not in direct line. Property subject to a security interest, including accounts, contract rights and chattel paper which have been sold.

1.18 **Collateral Value**. Collateral Value is the fair market value of the any collateral as determined by the Court.

1.19 **Confirmation**. The formal approval of the Bankruptcy Court of a Plan Of Reorganization.

1.20 **Confirmation Date**. The date upon which the Confirmation Order is entered by the Court.

1.21 **Confirmation Hearing**. This term refers to and means the hearing regarding confirmation of the Plan conducted by the Bankruptcy Court pursuant to Bankruptcy Code § 1128, including any adjournment or continuation of that hearing from time to time.

1.22 **Confirmation Order**. The Final Order of the Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation.

1.23 **Creditor**. A Creditor or all Creditors of the Debtor holding Allowed Claims for the debts, liabilities, demands or Claims of any character whatsoever, as defined in § 101(4) of the Bankruptcy Code.

1.24 **Debtor**. The Debtor is Missouri Realty, LLC, also referred in the Plan as "Missouri".

1.25 **Disclosure Statement**. The Disclosure Statement is the Disclosure Statement In Support Of Debtor's Plan of Reorganization in its present form, or as it may be amended or supplemented.

1.26 **Disputed Claim.** This term refers to and means every Claim: (a) that is scheduled by the Debtors as disputed, contingent, or unliquidated; and/or (b) that is not an Allowed Claim.

1.27 **Effective Date.** The date following the Confirmation Date after which no appeal of the Confirmation Order can be taken or sixty (10) days from the Confirmation Date, whichever is later.

1.28 **Estate.** This term refers to and means the bankruptcy estate of the Debtor created under Bankruptcy Code § 541.

1.29 **Executory Contract.** This term refers to and means every unexpired lease and other contract which is subject to being assumed or rejected under Bankruptcy Code § 365.

1.30 **Final Order.** A Final Order is an order of the Court which, not having been reversed, modified or amended and not being stayed and the time to appeal from which or to seek review or rehearing of which having expired, and no such appeal, review, certiorari or rehearing is pending, has become conclusive of all matters adjudicated thereby and in full force and effect.

1.31 **Impaired/Impaired Class** Under § 1124 of the Bankruptcy Code, a Class Of Claims is impaired under a Plan unless, with respect to each Claim of such Class: (i) it is paid in full on the Effective Date of the Plan; (ii) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder to such Claim; or (iii) all defaults are cured, the original maturity of the Claim is reinstated and the Claim is otherwise treated as provided in clause (ii) above.

1.32 **Interests.** This term refers to and means the rights of the members of the Debtor.

1.33 **Interpretation.** The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

    1.34    **IRS.** This term refers to and means the Internal Revenue Service.

1.35 **Personal Property.** This term refers to and means all personal property owned by Debtor.

1.36 **Plan.** This term refers to and means this Plan of Reorganization Proposed By the Debtor and every modification thereof, if any, filed by the Debtor.

1.37 **Plan Confirmation.** Entry by the Court of an order confirming the Plan at or after a hearing held pursuant to § 1128 of the Bankruptcy Code.

1.38 **Preserved Lien(s)**. Any liens required under § 1124(2) of the Bankruptcy Code.

1.39 **Priority Claim(s)**. Any Claim or Claims entitled to priority pursuant to § 507(a) of the Bankruptcy Code other than a Tax Claim or a Claim for Administrative Expenses.

1.40 **Professional Charges**. This term refers to and means all professional fees and costs by professional persons approved by the Bankruptcy Court to serve the Debtors or the Committee which have accrued during the pendency of the Debtors' Bankruptcy Cases up to and including the Confirmation Date.

1.41 **Property**: All real and personal Property (individually or as a whole) of the estate of the Debtor as previously or hereafter determined by Final Order of a court of competent jurisdiction and/or as defined in § 541 of the Bankruptcy Code, including, but not limited to, any and all Claims or causes of action in favor of the Debtor against third parties (except as otherwise provided herein).

1.42 **Property Broker**. This term refers to and means the independent person engaged to market and sell the property or any portion thereof.

1.43 **Proponent**. This term refers to and means the Debtor who is proposing this Plan of Reorganization.

1.44 **Pro Rata**. This term refers to and means proportionally, so that the ratio of the consideration distributed on account of an Allowed Claim in the Class (or sub-class) and consideration distributed on account of all Allowed Claims in the Class (or sub-class) is the same as the ratio of the Allowed Claims in the Class (or sub-class).

1.45 **Real Property** This term refers any of the real property of the Debtor as oppose to personal property.

1.46 **Reorganized Debtor**. The Debtor, after Confirmation of the Plan, and its successors and assigns.

1.47 **Secured Claim(s)**. Any Claims, other than a Tax Claim, secured by Property of the Debtor under a duly perfected security interest, to the extent of the value of the Collateral (security), as determined in accordance with § 506 of the Bankruptcy Code.

1.48 **Secured Creditor(s)**. All Creditors other than taxing entities, who hold a lien, security interest or other encumbrance which has been properly perfected as required by law with respect to Property owned by the Debtor.

1.49  **Tax Claim(s).** Any Claim for taxes entitled to priority pursuant to § 507(a)(7) of the

Bankruptcy Code.

1.50  **Term Of The Plan.** That period after the Effective Date during which payments are

being made to Creditors in Classes 5.

1.51  **Unsecured Claim(s):** All Claims not secured by collateral of the estate.

1.52  **Unsecured Creditor(s).** All Creditors of Debtor holding Unsecured Claims of any

character whatsoever, except Claims entitled to priority pursuant to § 507 of the Bankruptcy Code.

1.53  **Unsecured Deficiency Claimant(s).** Claims resulting from the excess of the Secured

Claims over the Collateral Value, as determined pursuant to § 506 of the Bankruptcy Code or unless otherwise

agreed to by the Secured Creditors.

1.54  **Undefined Terms.** Terms and phrase, whether capitalized or not, that are used and not

defined herein, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy

Code.

# EXHIBHIT 1

**Missouri Tenant List**
**October 21, 2009**

| Property Address | Tenant Name | Monthly Rent | Lease Ends |
|---|---|---|---|
| 10554 E. Arbor Ave Mesa, AZ 85208 | Steve & Angela Alonso | $1,450.00 | 5/31/2010 |
| 7749 W. Boca Raton Peoria, AZ 85381 | Ross & Jackie Gribbin | $1,095.00 | 8/31/2010 |
| 8001 W. Sweetwater Ave Peoria, AZ 85381 | Tony Oyola | $1050.00 | 10/31/2009 |
| 313 W. Topeka Dr Phoenix, AZ 85027 | Trisha Balowski | $895.00 | 4/28/2011 |
| 7912 W. Whyman Ave. Phoenix AZ 85043 | Victor Reyes | $995.00 | 12/31/2009 |
| 1101 E. 8th St Mesa, AZ 85203 | Stacy & Marianne Pool | $995.00 | Month-to-month |
| 15806 S. 35th Way Phoenix, AZ 85044 | Kevin & Holly Mitchell | $1650.00 | 6/30/2010 |
| 1654 W.Enfield Way Chandler AZ 85248 | Mohd Islam | $1,150.00 | 3/31/2010 |
| 962 S. MacDonald Mesa, AZ 85210 | Ricardo Gallegos | $750.00 | 10/31/2009 |
| 8114 E. Mitchell Drive Scottsdale AZ 85251 | Kristin Roebuck | $950.00 | 6/30/2010 |
| 6213 W. Osborn Phoenix, AZ 85033 | Anthony & Angel Parra | $750.00 | 8/31/2010 |
| 824 W. Paseo Way Phoenix, AZ 85041 | Darin Camfield | $795.00 | 3/31/2010 |
| 8068 E. Virginia Ave Scottsdale, AZ 85257 | Jonathan & Brian Lewis | $1095 | 9/30/2010 |
| 822 South 3rd Ave Phoenix AZ 85003 | No tenant | $0 | None |
| 921 E. Amelia St Phoenix, AZ 85014 | Alejandrina Delgado | $588.38 | 8/31/2010 |
| 443 S. Grand Ave Mesa, AZ 85210 | Robert & Ajay Raasch | $795.00 | 3/31/2010 |
| 1723 E. Harvard St Phoenix, AZ 85006 | Antonio Estrada | $689.07 | Month-to-month |
| 2724 E. Tamarisk Ave Phoenix, AZ 85040 | Juan Talingo | $495.00 | 7/31/2010 |
| 1018 N. 26th St Phoenix, AZ 85008 | Michale & Kristie Bogart | $595.00 | 1/31/2010 |

| | | | |
|---|---|---|---|
| 623 S. Grand Ave<br>Mesa, AZ 85210 | Eva M Vela | $750.00 | Month-to-month |
| 3526 E. McKinley<br>Phoenix, AZ 85020 | Robert Benney | $850.00 | Month-to-month |
| 1428 E. Portland St<br>Phoenix, AZ 85006 | Daniel Rodriquez | $595.00 | 12/31/2009 |
| 914 N. 40th Ave<br>Phoenix, AZ 85009 | Carrie & Saranda<br>Schoen | $650.00 | 6/30/2010 |
| 1623 E. Cambridge Ave<br>Phoenix, AZ 85006 | Laura Delgadillo | $595.00 | 5/31/2010 |
| 4225 N. Longview Ave,<br>Phoenix, AZ 85014 | Sitha & Lonnie<br>Brock | $750.00 | 6/30/2010 |
| 2244 N. 20th St<br>Phoenix, AZ 85006 | Marco Limon | $745.00 | Month-to-month |
| 4024 S. Allred Drive<br>Tempe, AZ 85282 | Linda/ Laurence/<br>Kimberly S | $1095.00 | 8/31/2010 |
| 1953 W. Monroe St<br>Phoenix, AZ 85009 | Sherana and<br>Nadine Reed | $794.12 | Month-to-month |
| 2213 E. Sheridan St<br>Phoenix AZ 85006 | Shirley Hull | $695.00 | 2/28/2010 |
| | | | |

**EXHIBIT 2**

## Missouri Realty, LLC

| | Class | Property | Lender | Law Firm | Allowed Valuation/Interest Rate | Objection | Stipulated Treatment |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | Objection | |
| 3 | | | | | | Objection | |
| 4 | | | | | | Objection | |
| 5 | | | | | | | |
| 6 | 3xxx.15 | 821 East Amelia Avenue, Phoenix AZ 85014 | Chase Home Financial | Tiffany & Bosco | $22,500 at 6.25% | Objection | $47,750.00 at 6.25% for 360 Months |
| 7 | 3Txx.20 | 2215 E Sheridan St Phoenix AZ 60006 | Bahamas Mortgage Company | Tiffany & Bosco | $37,500 at 6.25% | Objection | $43,000 at 6.25% for 360 Months |
| 8 | 3xx.22 | 824 S Norris Ave Mesa AZ 85201 | National City Mortgage | Tiffany & Bosco | $14,500 at 5.25% | Objection | $16,300 at 5.25% for 360 Months |
| 9 | 35x6.19 | 801 S 1st Ave Phoenix AZ 85003 | Bahamas Mortgage Company | Tiffany & Bosco | $25,500 at 6.25% | Objection | $24,400 at 6.25% for 360 Months |
| 10 | 3xx6.24 | Page E Portland St Phoenix AZ 85004 | National City Mortgage | Tiffany & Bosco | $22,500 at 6.25% | Objection | ... at 5.25% for 360 Months |
| 11 | 3xx6.0x | 1059 West Enfield Way Chandler AZ 85048 | American Servis Corporation | Tiffany & Bosco | $180,500 at 6.25% | Objection | $66,300 at 6.25% for 360 Months |
| 12 | 3xx9.11 | 823 West Osborn Road Phoenix AZ 85013 | American Servis Corporation | Tiffany & Bosco | $45,500 at 6.25% | Objection | $108,500 at 5.25% for 360 Months |
| 13 | 3xx9.13 | 6498 East Virginia Ave Scottsdale AZ 85251 | American Servis Corporation | Tiffany & Bosco | $108,500 at 6.25% | Objection | $50,000 at 5.25% for 360 Months |
| 14 | 3xx9.23 | 3525 East McKinley St Phoenix AZ 85008 | National City Mortgage | Tiffany & Bosco | $42,500 at 5.25% | Objection | $40,000 at 6.25% for 360 Months |
| 15 | 3Px9.16 | 443 S Grand Ave Mesa AZ 85210 | Chase Home Financial | Tiffany & Bosco | $22,500 at 5.25% | Objection | $40,000 at 6.25% for 360 Months |
| 16 | 3xx9.06 | 1191 East 9th Street Mesa AZ 85203 | American Servis Corporation | Tiffany & Bosco | $96,500 at 6.25% | Objection | $95,500 at 6.25% for 360 Months |
| 17 | 3xx9.09 | 9823 Birch Mesa AZ 85210 | American Servis Corporation | Tiffany & Bosco | $27,500 at 5.25% | Objection | $13,000 at 5.25% for 360 Months |

## Missouri Realty, LLC

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 18 | 3/26/07 | 15406 South 35th Way Phoenix AZ 85048 | American Service Corporation | Tiffany & Bosco | $320,500 at 9.25% | Objection | $325,000 at 9.25% for 360 Months |
| 19 | 3/6.10 | 8118 East Marshall Drive Scottsdale AZ 85251 | American Service Corporation | Tiffany & Bosco | $135,000 at 5.25% | Objection | $135,000 at 5.25% for 360 Months |
| 20 | 3/6.12 | 831 West Paseo Way, Phoenix AZ 85041 | American Service Corporation | Tiffany & Bosco | $86,500 at 1.0% | Objection | |
| 21 | 3/0.17 | 7231 Harvard St Phoenix AZ 85006 | Chase Home Financial (10.2.10) | Tiffany & Bosco | $105,500 at 8.0% | No Objection | $26,600 |
| 22 | | | | | | No Objection | None |
| 23 | | 22 South 5th Ave Fine Tip AZ 85006 | Bank of America Home Loans | No Firm | $130,000 at 7.5% | No Objection | None |
| 24 | 3/6.26 | 814 S 3rd Ave Phoenix AZ 85003 | Ocwen Loan Servicing, LLC | No Firm | $98,500 at 6.0% | No Objection | None |
| 25 | 3/6.16 | 831 N 8th Ave Phoenix AZ 85007 | Ocwen Loan Servicing, LLC | No Firm | $93,500 at 5.0% | No Objection | None |
| 26 | 3/6.27 | 6239 E Lehigh Ave Phoenix AZ 85018 | Saxon Loan Servicing LLC | No Firm | $47,500 at 2.0% | No Objection | None |
| 27 | 3/6.18 | 331 E Agate Ave Phoenix AZ 85040 | | No Firm | $27,000 at 5.5% | No Objection | None |
| 28 | | | | | | | |
| 29 | | | | | | | |
| 30 | | Maricopa | | | | | $20,229.07 |
| 31 | 3DD | | | | | | |
| 32 | | | | | | | |
| 33 | **KEY** | | Tiffany & Bosco | | No Firm | | |

**EXHIBIT 3**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-32145

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | **STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 921 EAST AMELIA AVENUE PHOENIX, AZ 85014** |
| Chase Home Finance LLC | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor; , Trustee. | |
| Respondents. | |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 921 East Amelia Avenue , Phoenix, AZ 85014 and legally described as:

Lot 9 and the East half of Lot 11, Block 4, CAMPBELL ADDITION, according to Book 19 of Maps, Page 27, records of Maricopa County, Arizona.

1

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $42,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be paid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession.

2

**EXHIBIT 4**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010567
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-29599

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 2213 E. SHERIDAN ST. PHOENIX, AZ 85006 |
| Everhome Mortgage Company | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor; , Trustee. | |
| Respondents. | |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 2213 E. Sheridan St. , Phoenix, AZ 85006 and legally described as:

LOT 9, BLOCK 10, AVALON ANNEX, ACCORDING TO BOOK 16 OF MAPS, PAGE 39, RECORDS OF MARICOPA, ARIZONA.

1

("Subject Property herein"), shall be treated as follows:

1

2    Movant shall be deemed to have an allowed secured claim in the amount of $42,500 pursuant

3  to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed

4  secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of

5  the repayment shall be paid over 30 years.

6    All other terms and conditions of the original Note and Mortgage, except as otherwise

7  modified by this Stipulation and Plan, shall remain in full force and effect.

8    This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the

9  Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan

10 without express written consent of the Movant.

11    The Debtor hereby waives objections to Movant's claim in regard to the Property as modified

12 by this Stipulation for all purposes besides accounting for the respective claims.

13    The agreements contained in this Stipulation shall be binding for purposes of the treatment of

14 the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

15    In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be

16 deemed void and unenforceable.

17    Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

18

19 SO STIPULATED:

20 Dated: 12|3|10                              BY:
                                                    Leonard McDonald, Esq
21                                                  Attorney for Movant

22

23 Dated: November 30, 2010                    BY: /s/Mark J. Giunta
                                                    Mark J. Giunta, Esq,
24                                                  Attorney for Debtor-in-Possession

25

26

2

**EXHIBIT 5**

# TIFFANY & BOSCO
## P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-32490

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Missouri Realty, LLC

    Debtor.

Deutsche Bank Trust Company Americas as
Trustee, 2002-QS11

    Movant,

    vs.

Missouri Realty, LLC, Debtor; , Trustee.

    Respondents.

No. 2:09-bk-27743-GBN

Chapter 11

**STIPULATION REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCIMBERING REAL
PROPERTY LOCATED AT
623 S. GRAND AVE.
MESA, AZ 85210**

IT IS HEREBY STIPULATED by and between the parties herein, through counsel

undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described

as 623 S. Grand Ave. , Mesa, AZ 85210 and legally described as:

LOT 30 ANNEX TO STEWART ADDITION TO MESA CITY ARIZONA ACCORDING TO BOOK
9 OF MAPS, PAGE 18, RECORDS OF MARICOPA COUNTY, ARIZONA.

1

A PLAT OF MESA RECORDED IN BOOK 23 OF MAPS, PAGE 18, RECORDS OF MARICOPA
COUNTY, ARIZONA, PURPORTS TO SHOWN SAID PROPERTY IN LOT 30 TRACT A BLOCK
82, MESA.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $18,500 pursuant
to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed
secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of
the repayment shall be paid over 30 years. Debtor will disburse for taxes and insurance.

All other terms and conditions of the original Note and Mortgage, except as otherwise
modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the
Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan
without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified
by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of
the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be
deemed void and unenforceable.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.
SO STIPULATED:

Dated: 12/3/10                         BY: _____
                                           Leonard McDonald, Esq
                                           Attorney for Movant

Dated: November 30, 2010               BY: /s/Mark J. Giunta
                                           Mark J. Giunta, Esq.
                                           Attorney for Debtor-in-Possession

2

**EXHIBIT 6**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-32381

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 1428 E PORTLAND ST PHOENIX, AZ 85006 |
| Deutsche Bank Trust Company Americas as Trustee | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor, , Trustee. | |
| Respondents. | |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel

undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described

as 1428 E Portland St , Phoenix, AZ 85006 and legally described as:

1

THE SOUTH HALF OF LOTS 7 AND 8, BLOCK 2, SASSES ADDITION, IN THE THE CITY OF PHOENIX, ACCORDING TO BOOK 14 OF MAPS, PAGE 15, RECORDS OF MARICOPA COUNTY, ARIZONA.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $28,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be paid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

2

1        Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

2

3        SO STIPULATED:

4        Dated: 12/3/10                               BY: _____
                                                            Leonard McDonald, Esq
5                                                          Attorney for Movant

6        Dated: November 30, 2010                     BY: /s/ Mark J. Giunta
                                                            Mark J. Giunta, Esq.
7                                                          Attorney for Debtor-in-Possession

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        3

**EXHIBIT 7**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01390

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Missouri Realty, LLC

Debtor.

The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A.

Movant,

vs.

Missouri Realty, LLC, Debtor; , Trustee.

Respondents.

No. 2:09-bk-27743-GBN

Chapter 11

STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCIMBERING REAL PROPERTY LOCATED AT 1654 WEST ENFIELD WAY CHANDLER, AZ 85248

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 1654 West Enfield Way , Chandler, AZ 85248 and legally described as:

Lot 13, of MONTEREY AT THE VINEYARDS, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded Book 445 of Maps, page 24, and Certificates of Correction recorded in Instrument No. 97-571266 and Instrument No. 98-969127.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $215,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall remain at 360 months.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

2

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession

3

**EXHIBIT 8**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01456

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 6213 WEST OSBORN ROAD PHOENIX, AZ 85033 |
| The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact Wells Fargo Bank, N.A. | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor; . Trustee. | |
| Respondents. | |

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 6213 West Osborn Road, Phoenix, AZ 85033 and legally described as:

LOT 9356 OF MARYVALE TERRACE NO. 24, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 85 OF MAPS, PAGE 23.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $26,500 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

2

1
2    Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.
3
4    SO STIPULATED:
5    Dated: 12/3/10                          BY: _____
                                                  Leonard McDonald, Esq.
6                                                 Attorney for Movant

7    Dated: November 30, 2010                 BY: /s/ Mark J. Giunta
                                                  Mark J. Giunta, Esq.
8                                                 Attorney for Debtor-in-Possession
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

                                            3.

**EXHIBIT 9**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01379

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor, | **STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 8068 EAST VIRGINIA AVENUE SCOTTSDALE, AZ 85257** |
| The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. | |
| Movant, vs. | |
| Missouri Realty, LLC, Debtor; , Trustee. | |
| Respondents. | |

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 8068 E. Virginia Avenue, Scottsdale, AZ 85257 and legally described as:

Lot 71, of VILLAGE GROVE 13, according to the Plat of Record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 90 of Maps, page 36.

("Property"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $168,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

2

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession.

3

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01379

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | **STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 8868 EAST VIRGINIA AVENUE SCOTTSDALE, AZ 85257** |
| The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor; , Trustee. | |
| Respondents. | |

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 8068 E. Virginia Avenue, Scottsdale, AZ 85257 and legally described as:

Lot 71, of VILLAGE GROVE 13, according to the Plat of Record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 90 of Maps, page 36.

("Property"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $168,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

2

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/8/10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession

3

**EXHIBIT 10**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-02521

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Missouri Realty, LLC

Debtor.

Deutsche Bank Trust Company Americas As
Trustee 2003-QS6

Movant,

vs.

Missouri Realty, LLC, Debtor, , Trustee,

Respondents.

No: 2:09-bk-27743-GBN

Chapter 11

**STIPULATION REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
3526 E. MCKINLEY ST.
PHOENIX, AZ 85008**

IT IS HEREBY STIPULATED by and between the parties herein, through counsel

undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described

as 3526 E. McKinley St., Phoenix, AZ 85008 and legally described as:

LOT 10, BLOCK 3, SUNBEAM UNIT 1, ACCORDING TO BOOK 37 OF MAPS, PAGE 28,
RECORDS OF MARICOPA COUNTY, ARIZONA.

1

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $50,000 pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the terms of the repayment shall be paid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be deemed void and unenforceable.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10

BY: _____
Leonard McDonald, Esq.
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta_____
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession

2



**EXHIBIT 11**

**TIFFANY & BOSCO**
P.A.

1

2525 E. CAMELBACK ROAD
2  SUITE 300
PHOENIX, ARIZONA 85016
3  TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
4  Mark S. Bosco
State Bar No. 010167
5  Leonard J. McDonald
State Bar No. 014228
6  Attorneys for Movant
7
10-01460
8

IN THE UNITED STATES BANKRUPTCY COURT

9

FOR THE DISTRICT OF ARIZONA

10

11  IN RE:                                    No. 2:09-bk-27743-GBN

12  Missouri Realty, LLC                      Chapter 11

13         Debtor.

14  _____  STIPULATION REGARDING
                                 PLAN TREATMENT AND TO VALUATE
The Bank of New York Mellon, fka The Bank of  THE FIRST LIEN ENCUMBERING REAL
15  New York as Successor in interest to JP Morgan  PROPERTY LOCATED AT
Chase Bank NA as Trustee for Structured Asset  1101 EAST 8TH STREET
16  Mortgage Investments II Inc. Bear Stearns ALT-A  MESA, AZ 85203
Trust 2005-7, Mortgage Pass-Through Certificates,
17  Series 2005-7 by its Attorney in fact Wells Fargo
Bank, N.A.
18
19         Movant,
           vs.
20
Missouri Realty, LLC, Debtor, Trustee.
21
22         Respondents.
23
24
25
26

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel

undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described

as 1101 East 8th Street, Mesa, AZ 85203 and legally described as:

LOT 8, OF SUNLAND MESA NO. II, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE
OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED BOOK 74 OF
MAPS, PAGE 42.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $96,500 pursuant

to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed

secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of

the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise

modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the

Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan

without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified

by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of

the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be

deemed void and unenforceable.

2

1
2      Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.
3
4      SO STIPULATED:
5      Dated: 12/3/10                         BY: _____
                                                   Leonard McDonald, Esq
6                                                  Attorney for Movant
7      Dated: November 30, 2010             BY: /s/Mark J. Giunta
                                                   Mark J. Giunta, Esq.
8                                                  Attorney for Debtor-in-Possession
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

                                        3

**EXHIBIT 12**

# TIFFANY & BOSCO
### P.A.

1

2  2525 E. CAMELBACK ROAD
SUITE 300

3  PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000

4  FACSIMILE: (602) 255-0192
Mark S. Bosco

5  State Bar No. 010167
Leonard J. McDonald

6  State Bar No. 014228
Attorneys for Movant

7

10-01463

8

IN THE UNITED STATES BANKRUPTCY COURT

9

FOR THE DISTRICT OF ARIZONA

10

11  IN RE:

12  Missouri Realty, Inc.

13          Debtor.

14  The Bank of New York Mellon, fka The Bank of
New York as Successor in interest to JPMorgan

15  Chase Bank, NA as Trustee for Structured Asset
Mortgage Investments II Inc. Bear Stearns ALT-A

16  Trust 2005-8, Mortgage Pass-Through Certificates,
Series 2005-8 by its Attorney in fact Wells Fargo

17  Bank, N.A.

18

19          Movant,
         vs.

20

21  Missouri Realty, Inc., Debtor; , Trustee.

22          Respondents.

23

24

25

26

No. 2:09-bk-27743-GBN

Chapter 11

STIPULATION REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
962 MACDONALD MESA, AZ 85210

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, and
Debtor's in Possession (hereinafter "Debtors"), that the property generally described as 962
MacDonald , Mesa, AZ 85210 and legally described as:

Lot 121, OF STEWART'S SOUTH MESA ADDITION UNIT 2, according to the plat of record in the
office of the County Recorder of Maricopa County, Arizona, recorded Book 43 of Maps, page 19.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $37,000 pursuant
to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed
secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of
the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise
modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the
Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan
without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified
by this Stipulation for all purposes besides accounting for the respective claims:

The agreements contained in this Stipulation shall be binding for purposes of the treatment of
the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be
deemed void and unenforceable.

2

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12|3|10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession

3



**EXHIBIT 13**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192.
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01466

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Missouri Realty, LLC

Debtor.

The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JPMorgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 by its Attorney in fact Wells Fargo Bank, N.A.

Movant,

vs.

Missouri Realty, LLC, Debtor; , Trustee.

Respondents.

No. 2:09-bk-27743-GBN

Chapter 11

**STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 15806 SOUTH 35TH WAY PHOENIX, AZ 85048**

1

1
2
3
4    IT IS HEREBY STIPULATED by and between the parties herein, through counsel

5    undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described

6    as 15806 South 35th Way , Phoenix, AZ 85048 and legally described as:

7    Lot 2, of HARBOR ISLAND AMENDED, according to the plat of record in the office of the County
8    Recorder of Maricopa County, Arizona, recorded Book 296 of Maps, page 18.

9    ("Subject Property herein"), shall be treated as follows:

10
         Movant shall be deemed to have an allowed secured claim in the amount of $325,000
11
     pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's
12
     allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and
13
     the term of the repayment shall be paid over 360 months.
14
         All other terms and conditions of the original Note and Mortgage, except as otherwise
15
     modified by this Stipulation and Plan, shall remain in full force and effect.
16
         This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the
17
     Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan
18
     without express written consent of the Movant.
19
         The Debtor hereby waives objections to Movant's claim in regard to the Property as modified
20
     by this Stipulation for all purposes besides accounting for the respective claims.
21
         The agreements contained in this Stipulation shall be binding for purposes of the treatment of
22
     the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.
23
24
         In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be
25
26

                                                2.

1

2   deemed void and unenforceable.

3       Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

4

5   SO STIPULATED:

6   Dated: 12/3/10                         BY:_____
                                               Leonard McDonald, Esq
7                                              Attorney for Movant

8   Dated: November 30, 2010               BY: /s/Mark J. Giunta_____
                                               Mark J. Giunta, Esq.
9                                              Attorney for Debtor-in-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    3

**EXHIBIT 14**

# TIFFANY & BOSCO
### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01414

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-27743-GBN |
| Missouri Realty, LLC | Chapter 11 |
| Debtor. | **STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 8114 EAST MITCHELL DRIVE SCOTTSDALE, AZ 85251** |
| The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-5, Mortgage Pass-Through Certificates, Series 2005-5 by its Attorney in fact Wells Fargo Bank, N.A. | |
| Movant, | |
| vs. | |
| Missouri Realty, LLC, Debtor, , Trustee. | |
| Respondents. | |

IT IS HEREBY STIPULATED by and between the parties herein, through counsel
undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described
as 8114 East Mitchell Drive , Scottsdale, AZ 85251 and legally described as:

Lot 722, of SCOTTSDALE ESTATES SIX, according to the plat of record in the office of the County
Recorder of Maricopa County, Arizona, recorded in Book 75 of Maps, page 47.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $172,505.30
pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's
allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and
the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise
modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the
Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan
without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified
by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of
the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be
deemed void and unenforceable.

2.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10                           BY: _____
                                              Leopard McDonald, Esq.
                                              Attorney for Movant


Dated: November 30, 2010                  BY: /s/Mark J. Giunta
                                              Mark J. Giunta, Esq.
                                              Attorney for Debtor-in-Possession

3

**EXHIBIT 15**

# TIFFANY & BOSCO
### P.A.

**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-01332

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Missouri Realty, LLC

     Debtor.

The Bank of New York Mellon, fka The Bank of
New York as Successor in interest to JPMorgan
Chase Bank, NA as Trustee for Structured Asset
Mortgage Investments II Inc. Bear Stearns ALT-A
Trust 2005-8, Mortgage Pass-Through Certificates,
Series 2005-8 by its Attorney in fact Wells Fargo
Bank, N.A.

     Movant,

     vs.

Missouri Realty, LLC, Debtor; , Trustee:

     Respondents.

No. 2:09-bk-27743-GBN

Chapter 11

STIPULATION REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
824 WEST PASEO WAY
PHOENIX, AZ 85041

1

IT IS HEREBY STIPULATED by and between the parties herein, through counsel
undersigned, and Debtor's in Possession (hereinafter "Debtors"), that the property generally described
as 824 West Paseo Way., Phoenix, AZ 85041 and legally described as:

Lot 15, Block 1, of ESTES PARK UNIT ONE AMENDED PLAT, according to the plat of record in the
office of the County Recorder of Maricopa County, Arizona, recorded Book 61 of Maps, page 8;

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $38,500.00
pursuant to 11 U.S.C. section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's
allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and
the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise
modified by this Stipulation and Plan, shall remain in full force and effect.

This Stipulation shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the
Stipulation may not be altered in any way by any subsequent amendment or modification to the Plan
without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified
by this Stipulation for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of
the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Stipulation shall be
deemed void and unenforceable.

2.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO STIPULATED:

Dated: 12/3/10

BY: _____
Leonard McDonald, Esq
Attorney for Movant

Dated: November 30, 2010

BY: /s/Mark J. Giunta
Mark J. Giunta, Esq.
Attorney for Debtor-in-Possession

3

**EXHIBIT 16**

1  BRIAN A. PAINO (AZ BN 027091)
   KYLE J. SHELTON (AZ BN 027379)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
5  kshelton@piteduncan.com

6  Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

7

8                  UNITED STATES BANKRUPTCY COURT

9              DISTRICT OF ARIZONA - PHOENIX DIVISION

10  In re                              | Case No. 2:09-BK-27743-GBN

11  MISSOURI REALTY, LLC               | Chapter 11

12          Debtor(s).

13                                      **STIPULATION RE: TREATMENT OF**
                                        **JPMORGAN CHASE BANK,**
14                                      **NATIONAL ASSOCIATION 'S CLAIM**
                                        **UNDER DEBTOR'S PROPOSED**
15                                      **CHAPTER 11 PLAN OF**
                                        **REORGANIZATION**
16

17

18

19      This Stipulation is entered into by and between Secured Creditor, JPMorgan Chase

20  Bank, National Association ("Creditor"), by and through its attorneys of record, and Missouri

21  Realty, LLC, herein (the "Debtor"), by and through its attorneys of record.

22      The property which is the subject of this matter is commonly known as 2244 North 20TH

23  Street, Phoenix, Arizona 85006 (hereinafter the "Subject Property").

24      On or about November 14, 2002, Michelle M. Park ("Borrower"), for valuable

25  consideration, made, executed and delivered to Chambers Mortgage Group, Inc. ("Lender") a

26  Note in the principal sum of $112,500.00 (the "Note"). A true and correct copy of the Note is

27  attached hereto as **Exhibit A** and incorporated herein by reference.

28

- 1 -

1    On or about November 14, 2002, Borrower made, executed and delivered to Lender a
2  Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property.
3  The Deed of Trust was recorded on November 15, 2002, in the Official Records of Maricopa
4  County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as
5  **Exhibit B** and incorporated herein by reference.

6    Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold,
7  assigned and transferred to Washington Mutual Bank, F.A., predecessor in interest to Creditor.
8  A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the
9  assignment of the Note and Deed of Trust to Creditor is attached hereto as **Exhibit C** and
10 incorporated herein by reference.

11    On or about February 19, 2003, a Warranty Deed was recorded in the Maricopa County
12 Recorder's office wherein Borrower transferred her interest in the Subject Property to Debtor. A
13 true and correct copy of the Warranty Deed evidencing the transfer of interest is attached hereto
14 as **Exhibit D** and incorporated herein by reference.

15    On or about October 29, 2009, Debtor filed a voluntary petition under Chapter 11 of the
16 United States Bankruptcy Code and was assigned Bankruptcy Case No. 2:09-BK-27743-GBN.

17    On or about June 18, 2010, Creditor filed a Proof of Claim against the Debtor's
18 bankruptcy estate in the amount of $103,138.31 secured by the Subject Property.

19    **THE PARTIES STIPULATE AS FOLLOWS:**

20    1.    Creditor shall have a secured claim in the amount of $31,700.00 (the "Secured
21 Claim") to be amortized over thirty (30) years at 5.25% per annum.

22    2.    Creditor shall have an unsecured claim in the amount of $71,438.31 (the
23 "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim,
24 its pro rata share of the distribution issued to general unsecured creditors.

25    3.    Debtor shall tender regular monthly payments in the sum of $175.05 (the
26 "Principal and Interest Payments") to Creditor for the Secured Claim commencing November 1,
27 2010, and continuing until all such outstanding amounts under the Secured Claim are to be paid
28 in full. Initial payment(s) shall be sent to the Creditor's law firm, Pite Duncan, LLP, until the

- 2 -

Creditor notifies the Debtor of a new address to send Principal and Interest Payments. The Creditor shall provide the Debtor with forty-five (45) days written notice of any changes to the address that the Principal and Interest Payments should be sent.

4. In addition to the Principal and Interest Payments, Debtor shall tender to Creditor regular monthly escrow payments (the "Escrow Payments") for advances made by Creditor for the maintenance of real property taxes and real property hazard insurance for the Subject Property. Debtor shall tender such Escrow Payments to the Creditor within forty-five (45) days of being notified of what amount of the Escrow Payments are and the address they should be sent in writing by the Creditor. Additionally, Creditor shall notify the Debtor in writing at least forty-five (45) days in advance of any changes in the amount of the Escrow Payments or the address to which they should be sent.

5. Except as otherwise expressly provided herein and the Debtor's Chapter 11 Plan, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via certified mail to Debtor at 622 West Linger Lane Phoenix, AZ 85021 and to Debtor's attorney of record, provided the Debtor's bankruptcy remains active, Mark J. Giunta, at 1413 N 3rd St Phoenix, AZ 85004-1612, indicating the nature of default. If Debtor fails to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then the Automatic Stay shall terminate and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

7. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

- 3 -

1      9.     In the event the Debtor defaults under this Stipulation and Creditor forwards a 30-

2 day letter to Debtor, the Debtor shall be required to tender $50.00 for each default letter

3 submitted in order to cure the default.

4      10.    At the request of the Creditor, the Debtor shall execute such documents and

5 instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to

6 modify the terms of the obligation to conform with the provisions of the this Stipulation.

7      11.    The terms of this Stipulation may not be modified, altered, or changed by the

8 Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended

9 Chapter 11 Plan and confirmation order thereon without the express written consent of the

10 Creditor.  The terms of this Stipulation shall be incorporated into the Plan and/or any

11 subsequently filed Amended Chapter 11 Plan.

12      12.    In the event the Debtor's case is dismissed or converted to any other chapter

13 under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full

14 amount due under the Note, all terms of Creditor's claim shall revert to the original terms of the

15 Note and Deed of Trust, and the Automatic Stay shall be terminated without further notice,

16 order, or proceeding of the court.

17      13.    In the event the Debtor sells the Subject Property prior to confirming his Chapter

18 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the

19 outstanding balance owing under the terms of the Note and must consent to a proposed sale for

20 less than the outstanding balance owing under the Note.

21      14.    The Creditor shall withdraw any pending objection to the Debtor's Chapter 11

22 Plan and be deemed to support and vote to accept Debtor's Chapter 11 Plan.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

- 4 -

15.    In exchange for the foregoing, Creditor accepts the Debtor's Plan.

Dated: 11/16/2010

/s/ MJG 015079
MARK J. GIUNTA
Attorney for the Debtors

Dated: 11/16/2010

PITE DUNCAN, LLP

/s/ KJS 027379
KYLE J. SHELTON
Attorneys for JPMorgan Chase Bank, National Association

- 5 -



**EXHIBIT 17**

BRIAN A. PAINO (AZ BN 027091)
KYLE J. SHELTON (AZ BN 027379)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
kshelton@piteduncan.com

Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

In re

MISSOURI REALTY, LLC

    Debtor(s).

Case No. 2:09-BK-27743-GBN

Chapter 11

**STIPULATION RE: TREATMENT OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

This Stipulation is entered into by and between Secured Creditor, JPMorgan Chase Bank, National Association ("Creditor"), by and through its attorneys of record, and Missouri Realty, LLC, herein (the "Debtor"), by and through their attorneys of record.

The property which is the subject of this matter is commonly known as 4024 S Allred Dr, Tempe, Arizona 85282 (hereinafter the "Subject Property").

On or about March 14, 2003, Donald Park and Michelle M. Park ("Borrowers"), for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA ("WAMU") a Note in the principal sum of $148,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

- 1 -

Case 2:09-bk-27743-GBN   Doc 208   Filed 01/04/11   Entered 01/04/11 18:02:02   Desc
Main Document   Page 1 of 5


BRIAN A. PAINO (AZ BN 027091)
KYLE J. SHELTON (AZ BN 027379)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
kshelton@piteduncan.com

Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

In re

MISSOURI REALTY, LLC

    Debtor(s).

Case No. 2:09-BK-27743-GBN

Chapter 11

**STIPULATION RE: TREATMENT OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

This Stipulation is entered into by and between Secured Creditor, JPMorgan Chase Bank, National Association ("Creditor"), by and through its attorneys of record, and Missouri Realty, LLC, herein (the "Debtor"), by and through their attorneys of record.

The property which is the subject of this matter is commonly known as 4024 S Allred Dr, Tempe, Arizona 85282 (hereinafter the "Subject Property").

On or about March 14, 2003, Donald Park and Michelle M. Park ("Borrowers"), for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA ("WAMU") a Note in the principal sum of $148,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

- 1 -

1  On or about March 14, 2003, Borrowers made, executed and delivered to WAMU a Deed
2  of Trust (the "Deed of Trust") granting WAMU a security interest in the Subject Property. The
3  Deed of Trust was recorded on March 26, 2003, in the Official Records of Maricopa County,
4  State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**
5  and incorporated herein by reference.

6  On or about September 25, 2008, WAMU was closed by the Office of Thrift
7  Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of
8  the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver
9  of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or
10 consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and
11 Assumption Agreement between the FDIC as receiver of WAMU and Movant dated September
12 25, 2008, Movant acquired certain of the assets, including all loans and all loan commitments of
13 WAMU. As a result, on September 25, 2008, Movant became the owner of the loans and loan
14 commitments of WAMU.

15 On or about March 26, 2003, a Warranty Deed was recorded in the Maricopa County
16 Recorder's office wherein the Borrowers transferred their interest in the Subject Property to the
17 Debtor. A true and correct copy of the Warranty Deed evidencing the transfer of interest is
18 attached hereto as **Exhibit C** and incorporated herein by reference.

19 On or about October 29, 2009, Debtor filed a voluntary petition under Chapter 11 of the
20 United States Bankruptcy Code and was assigned Bankruptcy Case No. 2:09-BK-27743-GBN.

21 **THE PARTIES STIPULATE AS FOLLOWS:**

22 1.      Creditor shall have a secured claim in the full amount due under the terms of the
23 Note[1] (the "Secured Claim") to be amortized over thirty (30) years at 5.25% per annum.

24 2.      Debtor shall tender regular monthly principal and interest payments in the amount
25 of $780.34 to Creditor for the Secured Claim commencing January 1, 2011, and continuing until
26 December 1, 2040, when all such outstanding amounts under the Secured Claim are to be paid in
27 full (the "Principal and Interest Payments"). Initial payment(s) shall be sent to the Creditor's law
28

---

[1] The outstanding amount owing under the Note is approximately $141,313.21 as of January 4, 2011

- 2 -

1 firm, Pite Duncan, LLP, until the Creditor notifies the Debtor of a new address to send Principal
2 and Interest Payments. The Creditor shall provide the Debtor with forty-five (45) days written
3 notice of any changes to the address that the Principal and Interest Payments should be sent..

4     3.     In addition to the Principal and Interest Payments, Debtor shall tender to Creditor
5 regular monthly escrow payments (the "Escrow Payments") for advances made by Creditor for
6 the maintenance of real property taxes and real property hazard insurance for the Subject
7 Property. Within fifteen (15) days upon entry of an order approving this Stipulation, Creditor
8 shall provided written notice to Debtor and Debtor's attorney of the modified monthly payment
9 which includes the Principal and Interest Payment and the Escrow Payment. Debtor shall tender
10 such Escrow Payments to the Creditor within forty-five (45) days of being notified of what the
11 amount of the Escrow Payments are and the address they should be sent.

12     4.     Except as otherwise expressly provided herein and the Debtor's Chapter 11 Plan,
13 all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's
14 Secured Claim.

15     5.     In the event of any future default on any of the above-described provisions,
16 inclusive of this Stipulation, Creditor shall provide written notice via certified mail to Debtor at
17 622 West Linger Lane Phoenix, AZ 85021 and to Debtor's attorney of record, provided the
18 Debtor's bankruptcy remains active, Mark J. Giunta, at 1413 N 3rd St Phoenix, AZ 85004-1612,
19 indicating the nature of default. If Debtor fails to cure the default with certified funds after
20 passage of thirty (30) calendar days from the date said written notice is placed in the mail, then
21 the Automatic Stay shall terminate and Creditor may proceed to foreclose its security interest in
22 the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable
23 state law and thereafter commence any action necessary to obtain complete possession of the
24 Subject Property without further notice, order, or proceeding of this Court.

25     6.     The acceptance by Creditor of a late or partial payment shall not act as a waiver of
26 Creditor's right to proceed hereunder.

27     7.     In the event that Creditor is granted relief from the automatic stay, the parties
28 hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

- 3 -

1      8.     In the event the Debtor defaults under this Stipulation and Creditor forwards a 30-
2 day letter to Debtor, the Debtor shall be required to tender $50.00 for each default letter
3 submitted in order to cure the default.

4      9.     At the request of the Creditor, the Debtor shall execute such documents and
5 instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to
6 modify the terms of the obligation to conform with the provisions of the this Stipulation.

7      10.     The terms of this Stipulation may not be modified, altered, or changed by the
8 Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended
9 Chapter 11 Plan and confirmation order thereon without the express written consent of the
10 Creditor.    The terms of this Stipulation shall be incorporated into the Plan and/or any
11 subsequently filed Amended Chapter 11 Plan.

12     11.     In the event the Debtor's case is dismissed or converted to any other chapter
13 under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full
14 amount due under the Note, all terms of Creditor's claim shall revert to the original terms of the
15 Note and Deed of Trust, and the Automatic Stay shall be terminated without further notice,
16 order, or proceeding of the court.

17     12.     In the event the Debtor sells the Subject Property prior to confirming his Chapter
18 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the
19 outstanding balance owing under the terms of the Note and must consent to a proposed sale for
20 less than the outstanding balance owing under the Note.

21     13.     The Creditor shall withdraw any pending objection to the Debtor's Chapter 11
22 Plan and be deemed to support and vote to accept Debtor's Chapter 11 Plan.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 4 -

1        14.    In exchange for the foregoing, Creditor accepts the Debtor's Plan.

2  Dated:   January 4, 2011          /s/ Mark J. Guinta
                                  MARK J. GIUNTA
3                                  Attorney for the Debtors

4

5

6  Dated:   January 4, 2011          PITE DUNCAN, LLP

7

8                                  /s/ Kyle J. Shelton
                                  KYLE J. SHELTON
                                  Attorneys for JPMorgan Chase Bank, National
9                                  Association

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

**EXHIBIT 18**

Mark J. Giunta (#015079)
Law Office of Mark J. Giunta
1413 N. 3rd St.
Phoenix, AZ 85004-1612
Phone (602) 307-0837
Fax (602) 307-0838
Email mark.giunta@azbar.org

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| MISSOURI REALTY, L.L.C., | Case No. 2:09-bk-27743-GBN |
| Debtor. | **STIPULATION REGARDING TREATMENT OF SECURED CLAIM OF M&I MARSHALL & ISLEY BANK** |

Debtor and debtor-in-possession, Missouri Realty, L.L.C. ("Missouri" or "Debtor"), and M&I Marshal & Ilsley Bank ("M&I") by and through their respective undersigned counsel, hereby enter into the following stipulation regarding the treatment of M&I's secured claim under the Debtor's proposed First Amended Plan Of Reorganization Dated March 15, 2010 ("Plan"):

1.      The Debtor's Plan shall be amended either by a separate amendment prior to confirmation or by the order confirming Debtor's Plan to incorporate the terms of this Stipulation in full.

2.      M&I's secured claim as elected pursuant to 11 U.S.C. section 1111(b) shall be allowed in the amount of $98,143.93 ("Secured Claim").

3.      The Debtor shall pay M&I the $98,143.93 Secured Claim in $327.12 monthly payments over 300 months commencing the first day of the first month after the Effective Date (ie. $98,143.93/300 months = $327.12). The present value of this payment stream is $27,306.81.

1    4.    The Debtor waives any right to challenge M&I's lien, or to commence any
2    preference, fraudulent conveyance, or any other avoidance action against M&I.

3    5.    M&I shall retain its lien in the subject real property located at 1018 N. 16th Street,
4    Phoenix, AZ ("Property") until its Secured Claim is paid in full.

5    6.    If the Debtor is interested in selling the Property for less than an amount sufficient
6    to pay the balance of the Secured Claim owed to M&I at closing the Debtor would be required to
7    obtain M&I's prior written consent to the terms of the sale. If the sale proceeds are sufficient to
8    pay the balance of the Secured Claim in full, then the Debtor would only be obligated to
9    provided M&I with notice of the sale and its terms.

10    7.    In the event that the Debtor refinances the Property before the Secured Claim is
11    paid in full (i) M&I would be entitled to retain all monthly Plan payment received prior to the
12    refinancing, (ii) the monthly Plan payments would be applied to reduce the outstanding balance
13    of M&I's Secured Claim, and (iii) M&I would be entitled to receive the present value of the
14    remaining balance of its secured claim, applying a discount rate of 5.25%, which would be
15    calculated based on the remaining repayment term of the loan. By way of example, if the Debtor
16    refinanced 2 years after Plan confirmation, the Debtor would have paid M&I $7,850.88 under the
17    Plan, which amount M&I would retain. The outstanding balance would then be $90,284.05 and
18    the remaining repayment term would be 23 years. Applying a 5.25% discount rate, M&I Bank
19    would receive $27,829.32 from the refinancing in full payment of its $90,284.05 claim.
20    Similarly, if the property is refinanced in one year with Plan payments totaling $3,925.44 made
21    prior to the refinance to M&I, then the Secured Claim would be paid off in full for $27,590.79; if
22    refinanced in five years with plan payments totaling $19,727.20 made to M&I, then the Secured
23    Claim could be paid off through the refinance for $28,537.

24    8.    During the 25 year Plan repayment period, Missouri Realty, LLC is prohibited
25    from conveying the subject property (by Quit Claim Deed or any other means) to Donald Park or

1 | any other individual or entity without M&I's prior written consent unless the Debtor was selling
2 | the Property for as much or more than the remaining balance on the Secured Claim. Any such
3 | conveyance of the property without M&I's prior written consent would constitute a default under
4 | the Plan.

5 |       9.     In the event of a default under the Plan on obligations owed to M&I relating to the
6 | Property, (i) all monthly Plan payments paid to M&I would be retained by M&I, (ii) M&I would
7 | immediately obtain relief from the automatic stay to foreclose on the Property without the need
8 | for further application to the Bankruptcy Court, and (iii) M&I would retain all of its' rights and
9 | remedies, if any, against the principals and affiliates of the Debtor relating to M&I's claims
10 | related to the Property.

11 |       10.     M&I's Secured Claim's Class 3U shall be reclassified as an impaired class rather
12 | than an unimpaired Class.

13 |       11.     M&I shall vote in Class 3U to accept the Plan as modified by this Stipulation and
14 | shall not object to said Plan and withdraw any objections that may be pending against said Plan
15 | or Disclosure Statement thereto.

16 |       DATED this 18th day of May, 2010.

17 |

18 |                   LAW OFFICE OF MARK J. GIUNTA

19 |                   By   /s/ Mark J. Giunta SBN 015079
                      Mark J. Giunta, Esq.
20 |                       Law Office of Mark J. Giunta
                      1413 N. 3rd St.
21 |                       Phoenix, AZ 85004-1612

22 |

23 |                   FOLKS & O'CONNOR, PLLC

24 |                   By   /s/ Eugene F. O'Connor SBN 013070
                      Eugene F. O'Connor II
25 |                       Folks & O'Connor, PLLC
                      1850 N. Central Ave., Ste. 1140
                      Phoenix, AZ 85004

- 3

FOLKS & CONNOR, PLLC

By ___/s/ Eugene F. O'Connor SBN 015079___
Eugene F. O'Connor li
Folks & O'Connor, PLLC
1850 N. Central Ave., Ste. 1140
Phoenix, AZ 85004

1

2

3

4

5

6

7   Approved as to form and content:

8   Donald Park as authorized representative
9   Of the Debtor.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 4

1 | A Copy of the foregoing was electronically filed
This 18th day of May, 2010 with the U.S. Bankruptcy Court.

2

COPY of the foregoing mailed (and/or served via
3 | fax* or e-mail** if so marked) 18th day of May, 2010, to:

4 | Barbara Lee Caldwell *blc@ashrlaw.com
4742 North 24th Street, Suite 100
5 | Phoenix, Arizona 85016-4859
Counsel for Maricopa County
6

7 | Eugene F. O'Connor *oconnor@folkoconnor.com
Folks & O'Connor PLLC
8 | 1850 N. Central Ave Suite 1140
Phoenix, AZ 85004
9

Mark S. Bosco *ecf@tblaw.com
10 | Tiffany & Bosco P.A.
2525 EAST CAMELBACK ROAD
11 | SUITE 300
PHOENIX, ARIZONA 85016
12

13 | Brice, Vander Linden & Wernick, P.C.
American Home Mortgage Servicing, Inc
14 | 1525 S. Beltline Road, Suite 100 N
Coppell, Texas 75019
15

Kevin Hahn, #024277
16 | MALCOLM CISNEROS, A Law Corporation
2112 Business Center Drive
17 | Second Floor
Irvine, California 92612
18 | Email: kevin@mclaw.org

19

Matthew A. Silverman * matthew.silverman@azbar.org
20 | Jessica R. Kenney
McCarthy   Holthus   Levine
21 | 3636 North Central Avenue
Suite 1050
22 | Phoenix, AZ 85012

23 | U.S. Trustee's Office USTPRegion14.PX.ECF@USDOJ.GOV
230 N. First Ave., Ste. 204
24 | Phoenix, AZ 85003-1706

25

Kesha M. Jennings _____


- 5 -